### MANDELL et al. v. LEVY et al.

(Supreme Court, Appellate Term. April 24, 1905.)

1. BANKRUPTCY—COMPOSITION—APPROVAL—EFFECT.

    Under Bankr. Act July 1, 1898, c. 541, § 12, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], authorizing compositions by bankrupts, and providing in subdivision "d" for the confirmation of such compositions by the court, the order of confirmation acts as a discharge in bankruptcy.

2. SAME—PROOF—CERTIFIED COPY.

    Under the direct provisions of Bankr. Act July 1, 1898, c. 541, § 21, subd. "f," 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431], a certified copy of an order confirming a composition is evidence of the fact that the order was made.

3. SAME—REVIVAL OF DEBT—ORAL PROMISE.

   Under Personal Property Law, § 21, subd. 5 (Laws 1897, p. 510, c. 417), requiring a new promise to pay a debt discharged in bankruptcy to be in writing, an oral promise is not sufficient, although it is so under the bankruptcy law.

4. SAME—SUFFICIENCY OF PROMISE.

   Under Personal Property Law, § 21, subd. 5 (Laws 1897, p. 510, c. 417), requiring a new promise to pay a debt discharged in bankruptcy to be in writing, there must be a clear expression of intention on the part of the debtor to bind himself to the payment of the debt, and letters merely showing a recognition of a moral duty are not sufficient.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Kaufman Mandell and another against August Levy and another. From a judgment for defendants, plaintiffs appeal. Affirmed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Daniel W. Blumenthal, for appellants.
Charles L. Greenhall, for respondents.

LEVENTRITT, J. The plaintiffs sued for goods sold and delivered. The defense pleaded was a discharge in bankruptcy. In support of the defense a properly certified copy of the order of confirmation of a composition in bankruptcy was offered and admitted in evidence. · This order of confirmation recited that "the consideration and money required by law to be deposited" had been deposited "as ordered." This order acted as a discharge, and can be pleaded in bar. Bankr. Law, § 12, subd. "d," Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]; Collier on Bankruptcy (5th Ed.) p. 159; Glover Grocery Co. v. Dorne (Ga.) 8 Am. Bankr. Rep. 702, 42 S. E. 347; In re Becket, Fed Cas. No. 1,210. The order of confirmation was sufficiently proved by the certified copy under the seal of the clerk of the court. Code, § 943; Bankr. Law, § 21, subd. "f," Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3431].

It is claimed that the debt was revived by a new promise. But this was not proven. The letters of the defendants, or either of them, taken singly or together, do not show as required by the statute the note or memorandum subscribed by the party to be charged promising or agreeing to pay the debt discharged by the composition agreement. Personal Property Law, Laws 1897, p. 510, c. 417, § 21, subd. 5. While an oral promise, if definite and unambiguous, is sufficient under the bankruptcy law (Collier on Bankruptcy [5th Ed.] p. 217; Smith v. Stanchfield [Minn.] 7 Am. Bankr. Rep. 498, 87 N. W. 917), the written promise required by local statute controls (Id.). No oral promise is shown in the case, and no written promise is deducible from the letters. The plaintiffs assert in their communications that such a promise has been made, but the defendants' letters are barren of anything beyond the admission of a moral obligation. The simple acknowledgment that

a debt is still existing, which is sufficient to remove the bar of the statute of limitations, is insufficient to revive a debt discharged in bankruptcy. Scheper v. Briggs, 28 App. Div. 115, 118, 50 N. Y. Supp. 869. Under the provisions of the personal property law cited there must be a clear expression of intention on the part of the debtor to bind himself to the payment of the debt. Id.; Lawrence v. Harrington, 122 N. Y. 408, 25 N. E. 406. And while the promise need not be expressed in so many words, it must be one which is necessarily implied from the words of the writing. The defendants' letters do not meet these tests. They show a recognition of a moral duty, but any construction of the writings beyond that is forced and unwarranted.

The judgment should be affirmed, with costs. All concur.