MONK v. HORN.

(Circuit Court of Appeals, Fifth Circuit.   January 13, 1920.)

No. 3409.

BANKRUPTCY ⊜404(2)—EFFECT OF DENIAL IN PRIOR PROCEEDING OF APPLICA-
TION FOR DISCHARGE.

Under Bankruptcy Act, § 14a (Comp. St. § 9598), limiting the time for
filing application for discharge to 18 months from date of adjudication, a
bankrupt is not entitled, on an application filed in a second proceeding
more than 18 months after his first adjudication, to a discharge from
debts provable in the first proceeding.

Appeal from the District Court of the United States for the South-
ern District of Alabama; Robert T. Ervin, Judge.

In the matter of Robert Wiley Horn, bankrupt.   On appeal by
William H. Monk, Jr., from order granting discharge.   Reversed.

Moses Kohn, of Mobile, Ala., for appellant.

William H. Armbrecht and J. Osmond Middleton, both of Mobile,
Ala., for appellee.

Before WALKER, Circuit Judge, and GRUBB and JACK, District
Judges.

WALKER, Circuit Judge.   The appellee was adjudged bankrupt on
January 25, 1917, on a voluntary petition filed by him in a proceeding
in which no application for a discharge was filed, and which was
closed prior to January 25, 1919; when he filed in the same court an-
other voluntary petition, under which he was again adjudged bank-
rupt.   In 1914 the appellant recovered a judgment against the bank-
rupt, which was a provable debt against the estate of the bankrupt in
each of the bankruptcy proceedings.   He objected to the granting of
an application for discharge made by the bankrupt in the second pro-
ceeding, in so far as that application sought a discharge from the debt
evidenced by the judgment mentioned, and prayed that that debt be
excluded from the operation of any discharge that might be granted
under the application therefor.   The court ordered a discharge, from
the operation of which the debt owing by the bankrupt to the appel-
lant was not excluded.

This court has decided that, under the provision of section 14 of
the Bankruptcy Act (Comp. St. § 9598) prescribing the time within
which an application for a discharge may be made, a bankrupt, after
the expiration of 18 months from adjudication, is not entitled, in a
second proceeding, to a discharge from debts provable in the first.   In
re Bacon, 193 Fed. 34, 113 C. C. A. 358; Bacon v. Buffalo Cold Storage
Co., 225 U. S. 701, 32 Sup. Ct. 836, 56 L. Ed. 1264.   It appears from
the opinion rendered by the District Judge in the instant case that the
ruling just referred to was not followed, because it was considered
to be inconsistent with the ruling of the Supreme Court in the case
of Bluthenthal v. Jones, 208 U. S. 64, 28 Sup. Ct. 192, 52 L. Ed.
390.   What was decided in the last-cited case was that a debt was not
excluded from the operation of a discharge by the fact that in a former

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

proceeding, on the same creditor's objection, a discharge was refused, where that creditor, though notified of the second proceeding and that his same debt was scheduled therein, did not participate in any way in that proceeding. The ground of that decision was that the creditor lost the benefit, in the second proceeding, of the refusal of a discharge in the first proceeding, by failing to plead it or bring it to the attention of the court in the later proceeding.

It was not decided in that case that the creditor did not have a valid ground of objection to the granting of the discharge applied for in the second proceeding. It was decided that the creditor's debt was not excluded from the operation of a discharge which was granted without objection from him. The question of the sufficiency of an objection to an application for a discharge, because it was not made within the time prescribed by section 14 of the Bankruptcy Act, was not involved in that case. Nothing said in the opinion rendered in that case indicates that the court had that question in mind. We do not think that the decision in that case is in conflict with the above referred to decision of this court.

We are of the opinion that the ruling in the case of In re Bacon, supra, was correct. Subdivision "a" of section 14 of the Bankruptcy Act creates a limitation in favor of creditors having debts provable against an estate in bankruptcy. Subdivision "b" of that section prescribes the grounds on which an application for discharge may be refused. There is nothing to indicate that the latter provision was intended to control or supersede the former one. The former provision fixes a period of time beyond which a creditor affected by the bankruptcy is not required to remain prepared to prove the existence of a ground of objection to a discharge of the bankrupt. It well may be inferred that it was contemplated that an application for a discharge from any debt affected by an adjudication of bankruptcy should be made within the stated period, whether made in the first proceeding in which such debt was provable, or in a subsequent proceeding.

The provision has the effect of preventing a bankrupt from withholding for an unreasonable length of time from creditors affected by the adjudication of bankruptcy the opportunity of proving the existence of a ground justifying a refusal of the discharge applied for. To give to a subsequent adjudication of bankruptcy the effect of enlarging the time within which a discharge from debts affected by a former adjudication could be applied for would amount to a destruction of the limitation created by the statute. The conclusion is that the court erred in overruling the appellant's motion to exclude his debt from the operation of the discharge applied for and granted.

Because of that error, the decree is reversed.