### In re MASSELL.

(District Court, D. Massachusetts. December 12, 1922.)

#### No. 29308.

Bankruptcy ☞387, 404(2)—Confirmation of composition is "discharge in bankruptcy," barring later discharge within six years.

Confirmation of composition in voluntary proceedings is a discharge granted in voluntary proceedings, which bars a second discharge within six years under Bankruptcy Act, § 14b(5), being Comp. St. § 9598.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Discharge in Bankruptcy.]

In Bankruptcy. In the matter of Morris Massell, bankrupt. On application for discharge. Denied.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
285 F.—37

William G. Clark, of Gloucester, Mass., for bankrupt.

Joseph B. Jacobs and Jacobs & Jacobs, all of Boston, Mass., for objecting creditor.

MORTON, District Judge. On November 14, 1919, the bankrupt, Morris Massell, filed a voluntary petition in bankruptcy, on which he was on the same day adjudicated bankrupt. On December 4, 1919, a trustee was duly appointed and qualified. On December 20, 1919, the bankrupt offered a composition of 40 per cent. and petitioned that a meeting of his creditors be called to·act upon his proposal. On January 17, 1920, the referee reported that all necessary steps had been complied with under the composition proceedings and recommended that the composition be confirmed. On February 3, 1920, orders of court were entered in the usual form, confirming the composition and directing the distribution of the deposit. On December 18, 1919, the bankrupt had filed a petition for discharge, the order of notice on which was made returnable on February 16, 1920. This petition for discharge was not prosecuted, as the order confirming the composition operated as a discharge.

The present proceedings were initiated by an involuntary petition against the bankrupt, who is the same person as in the proceedings above outlined, which was filed September 30, 1921. Massell was adjudicated on October 14, 1921. On March 17, 1922, he filed his petition for discharge. He answered the interrogatories that he had been discharged on February 3, 1920, in composition proceedings. Objection is made to the discharge on the ground that Massell had "in voluntary proceedings been granted a discharge in bankruptcy within six years." Bankruptcy Act, § 14b (5), being Comp. St. § 9598.

The question is whether the discharge incident to the confirmation of the composition was a discharge in bankruptcy in voluntary proceedings. It can be pleaded as a discharge and has all the effect of one. Mandell v. Levy, 14 Am. Bankr. Rep. 549 (Sup.) 93 N. Y. Supp. 545. The precise question here presented was raised on similar facts in Re Radley (D. C.) 252 Fed. 205, and it was held by Judge Ray that the confirmation of the composition was a discharge in voluntary proceedings. I agree with his conclusion. See, too, Collier on Bankruptcy (12th Ed.) p. 398.

Discharge refused.