### SOUTHERN ROCK ISLAND PLOW CO. et al. v. FLORENCE.

Circuit Court of Appeals, Fifth Circuit. November 27, 1928.

No. 5263.

J. H. Synnott, of Dallas, Tex., for appellants.

John J. King, J. I. Wheeler, and J. Q. Mahaffey, all of Texarkana, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from an order granting a discharge to the appellee, a bankrupt. The specifications of objections to the discharge which are now relied on by the appellants are those to the effect: (1) That the bankrupt, with intent to conceal his financial condition, failed to keep books of account or records from which such condition might be ascertained; (2) that within four months preceding the filing of the bankruptcy petition the bankrupt made transfers of his property with intent to hinder, delay, or defraud his creditors; and (3) that in the course of the bankruptcy proceeding the bankrupt refused to obey a lawful order of the court requiring him to pay $30,000 belonging to his estate, which he had not accounted for or paid over.

On the hearing of the application for a discharge and the objections thereto, testimony was given in the presence of the presiding judge, and evidence bearing on the last-mentioned ground of opposition to the discharge had previously been considered by the court on the hearing of a motion that the bankrupt be adjudged guilty of contempt because of his failure to comply with the order mentioned, which hearing resulted in an order that the bankrupt could not be adjudged guilty of contempt because, in the opinion of the court, he was unable to comply with that order of the referee.

While evidence indicated that books kept by the bankrupt were not such that his financial condition could be ascertained therefrom, uncontroverted evidence showed that the bankrupt was a country merchant of very limited education, without knowledge of proper methods of bookkeeping; that he was in business for many years prior to his bankruptcy; that his business was profitably conducted until within a year prior to his bankruptcy, when he sustained heavy losses as a result of poor crops in the section in which he did business, and of a great decline in the price of cotton; and that throughout the time he was in business he kept his books in the same way he kept them during the year prior to his bankruptcy. The evidence was not such as to require a finding that the bankrupt's failure to keep books from which his financial condition could be ascertained was accompanied by an intent to conceal his financial condition. In the absence of such intent, the first-mentioned ground of opposition to the discharge was not sustainable. Bankruptcy Act, § 14b (11 USCA § 32); Sherwood Shoe Co. v. Wix (C. C. A.) 240 F. 693; 1 Collier on Bankruptcy (1923 Ed.) 541.

A phase of the evidence negatived the existence of the second above-mentioned ground of opposition to the discharge. The trustee was unsuccessful in suits attacking transfers in question. It does not appear from the record that the ground of opposition to the discharge now under consideration was proved.

In the hearing of the application for discharge there was testimony to the effect that when the bankruptcy petition was filed, the bankrupt did not have $30,000, the sum ordered by the referee to be delivered by the bankrupt, or any other property which he did not surrender to the trustee. As above indicated, that order of the referee was passed on by the court in the contempt proceeding, with the result that the court found that the bankrupt was unable to comply with that order. That order was not a lawful one, if what was ordered to be delivered by the bankrupt was not a part of his estate, or in his possession, or under his control, at the time the order of delivery was made. In re Rosser (C. C. A.) 101 F. 562. The record is consistent with the conclusion that the court found, and was warranted in finding, that the allegation as to the bankrupt refusing to obey a lawful order made in the course of the bankruptcy proceedings was not proved.

The record does not show that the court erred in granting the discharge. Its order to that effect is affirmed.