## In re GREENMAN.

### No. 19901.

### District Court, D. Maine, S. D.

### April 4, 1935.

Matthew McCarthy, of Rumford, Me., for debtor.

Michael Pilot, of Bangor, Me., for creditors.

PETERS, District Judge.

This matter was heard on a petition to review the action of the referee denying a confirmation of composition.

The question presented is whether a composition under new section 74 of the Bankruptcy Act, as amended (11 USCA § 202) may be confirmed where it appears that the debtor has been discharged on his voluntary petition in bankruptcy within six years. That objection was raised by a creditor. The referee ruled that such a previous discharge prevented confirmation. I agree with him.

■ If the question were whether an ordinary discharge in bankruptcy could be granted within six years after the confirmation of a composition, it should be answered in the negative. See In re Kornbluth (C. C. A.) 65 F.(2d) 400, with cases and authorities cited therein; In re Massell (D. C.) 285 F. 577, 578.

Judge Morton, then in the District Court, in the Massell case, said: "The question is whether the discharge incident to the confirmation of the composition was a discharge in bankruptcy in voluntary proceedings. It can be pleaded as a discharge and has all the effect of one. Mandell v. Levy, 14 A. B. R. 549 (Sup.) [47 Misc. 147] 93 N. Y. S. 545. The precise question here presented was raised on similar facts in Re Radley (D. C.) 252 F. 205, and it was held by Judge Ray that the confirmation of the composition was a discharge in voluntary proceedings. I agree with his conclusion. See, too, Collier on Bankruptcy (12th Ed.) p. 398."

Assuming, then, that a discharge by composition is a discharge in bankruptcy in voluntary proceedings, is there any reason why a debtor should be granted a discharge in composition when he is by law denied a discharge in ordinary bankruptcy?

Under section 74 (g), 11 USCA § 202 (g) the judge shall hear the application for confirmation of composition and discharge the debtor (by confirming the composition) unless he (3) "has * * * been guilty of any of the acts, or failed to perform any of the duties, which would be a ground for denying his discharge."

Under section 14b (11 USCA § 32 (b) the judge shall hear the application for a discharge and discharge the bankrupt unless he (5) "has been granted a discharge in bankruptcy within six years."

Among other acts that bar a discharge under section 14b are committing an offense punishable by imprisonment, destroying books, concealing assets, making false statements, refusing to obey orders of court, etc. The reason advanced for making a discrimination among the different things which are specified as a bar to discharge is that some of them, such as those above mentioned, involve moral turpitude and the word "guilty," which is used, is applicable to those acts and not to others, like having suffered a discharge in bankruptcy within six years.

It seems to me more reasonable to believe that when Congress provided that the debtor's composition should be confirmed unless he had "been guilty of any of the acts or failed to perform any of the duties which would be a ground for denying his discharge," it was nothing but a rather slipshod way of saying that the debtor should have his composition confirmed (and be thus discharged) unless he had by his own act placed himself in a position where he could not receive a discharge under section 14 in an ordinary bankruptcy case.

The language of section 14b was not all placed in the statute at one time. The original act of 1898 referred only to offenses or wrongful acts which would prevent a discharge, and the word "guilty" was applicable. Later on, by Act of February 5, 1903, Congress added the words now included in item 5, but did not change the word "guilty."

If Congress had intended that some of the reasons (classified under seven heads) for denying a discharge, now included in 14b, should prevent confirmation of composition and that others should not, it would have been so easy to say so that the conclusion that no discrimination was intended is well warranted.

■ In addition to the words "has not been guilty of any of the acts," we have, as part of the language, the words "or failed to perform any of the duties." The whole paragraph together may well be taken as a sufficient modification of any implication in the word "guilty" to authorize the very reasonable conclusion that the same grounds which prevent a discharge on a direct petition should also prevent a discharge on an application for confirmation of a composition. It is so stated by Collier on Bankruptcy (13th Ed.) page 451, with the additional statement that the intention of the statute is clearly to prevent one who can-

not get a discharge from securing its equivalent through a composition. Remington on Bankruptcy, 1930 Supp. to vol. 7, par. 3119½. Also see other authorities cited by Judge Hickenlooper, who wrote the minority opinion in Re Goldberg (C. C. A.) 53 F.(2d) 454, 80 A. L. R. 399, in which case the majority opinion is based upon a premise that is apparently not accepted in the first and second circuits.

The action of the referee is confirmed, and composition denied.