922

In re GOPHRENER.

No. 29929.

District Court, E. D. New York.

Oct. 4, 1937.

Shearman & Sterling, of New York City (Lester Kissel, of New York City, of counsel), for the motion.

Sidney Moskowitz, of New York City, opposed.

BYERS, District Judge.

Motion to confirm report of referee recommending denial of discharge, and for an order directing the bankrupt's attorney to pay to the attorneys for the objecting creditor all monies received from the bankrupt pursuant to order of this court dated April 1, 1936.

The specifications of objection are four in number and questions arising under the first present the only important matters for consideration.

That specification alleged that the bankrupt had committed an offense punishable by imprisonment according to section 29b of the Act, as amended by Act May 27, 1926, 11 U.S.C.A. § 52(b), in that between June 1, 1926, and April 5, 1928, he had conspired with others to conceal from, and did conceal from, the trustee in bankruptcy of another bankrupt certain property belonging to that bankrupt estate which was being administered in the Southern District of New York; and that during the month of April, 1928, this bankrupt with others was convicted of such offenses, in a criminal trial held in that Court, and this defendant was sentenced to serve two years in a Federal penitentiary in punishment thereof.

On the argument of this motion, the bankrupt's attorney took the position that the *fact* of concealment and conspiracy had not been shown. The proof relied on before the referee consisted of certified copies of the records of the Southern District Court, namely: a certified copy of the order of the Court, dated April 30, 1928, containing the sentence; a certified list of docket entries in the action entitled the United States v. Biltmore Watch Case Company, Inc., a corporation, Abraham Bloom, Samuel Gophrener, and certified copy of the indictment.

There being no question as to the identity of this bankrupt as one of the defendants in that case, he sought unsuccessfully to testify before the referee on this application, that he was not guilty of the concealment and conspiracy in question; it was argued on his behalf before

the Court that he should have been permitted to do so.

It may be conceded that the specification alleges facts, namely, the concealment and conviction of it, while the evidence in substantiation consists in proof of the indictment and conviction, rather than in proof of the conspiracy and concealment themselves, but it is not presently perceived that this is an important distinction.

The language of the Supreme Court in the case of Southern Pacific R. Co. v. U. S., 168 U.S. 1, 18 S.Ct. 18, 27, 42 L.Ed. 355, seems to vindicate the ruling of the referee:

"The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

So long as the judgment of conviction remained unreversed, it established the facts of concealment and conspiracy, so far as the defendant Gophrener is concerned. He certainly was a party to that cause, and he is the only party seeking discharge in this proceeding.

A contrary view would require the referee to conduct a new hearing of issues which were once determined beyond a reasonable doubt in the criminal cause. Plainly no such requirement is suggested by reason, and the bankrupt has not cited authority to sustain so tenuous an argument.

The language used by Hough, J., in Re Seavey (D.C.) 195 F. 825, while it had to do with a civil litigation touching an assignment in fraud of creditors which had been determined in a State Court, is thought to be equally applicable to the situation here presented.

■ This bankrupt is not entitled to a discharge which is a matter of favor, under the showing made by the opposing creditor. The fact that the concealment occurred in another bankruptcy proceeding does not aid the bankrupt. See In re Lesser (C.C.A.) 234 F. 65.

As to this specification, it is thought that the referee's report is correct.

■ The second specification treats of the bankrupt's failure to comply with the terms of a stay-order made by Judge Galston on April 1, 1936, under which the bankrupt was directed to set aside from his monthly income the sum of $10.00 (the same amount ordered to be withheld in certain State Court garnishee proceedings) and the purpose of course was to segregate the same sum that would have been realized, had the garnishee proceedings not been stayed pending the termination of the bankruptcy proceedings and the application for a discharge.

The bankrupt did not seek to be relieved at any time from the terms of that order. He simply disobeyed it, and the referee finds that this is an additional ground for denying his application, and nothing urged on behalf of the bankrupt now indicates why that conclusion should be set aside.

■ The third specification deals with the failure of the bankrupt to include in his schedules a claim for injury to property which he had asserted prior to the filing of his petition, against the City of New York.

The testimony taken before the referee indicates that such claim was barred by the six months statute found in the charter of the City of New York [Greater New York Charter, Laws 1901, c. 466, § 261, as amended by Laws 1912, c. 452] at the time that the petition was filed. As in fact there was no claim at that time (as was proven when the State Court dismissed so much of the claim for failure to comply with the provisions of the charter), it is thought that this ground is insufficient to support the referee's recommendation.

■ The fourth specification has to do with the failure of the bankrupt to include in his schedules an automobile which was, in fact, his property and which he sought to conceal by executing a fictitious chattel mortgage for the sake of putting the automobile beyond the reach of his creditors. The testimony on the subject has been examined, and the report of the referee sustaining the specification is entirely convincing.

The motion to confirm the referee's report, as to specifications I, II and IV, is granted. The motion to direct the bankrupt's attorney to turn over any and all

payments made to him pursuant to the said order of Judge Galston is also granted.

. Settle order.