## HILL v. RAILROAD INDUSTRIAL FINANCE CO. et al.

### No. 1570.

Circuit Court of Appeals, Tenth Circuit.

Nov. 23, 1937.

Robert L. Hill, pro se.

Frank E. Miller, of Topeka, Kan., for Topeka Morris Plan Co.

A. N. Alt, of Topeka, Kan., for Railroad Industrial Finance Co.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

On June 15, 1933, Robert L. Hill filed a voluntary petition in bankruptcy and was duly adjudged a bankrupt. He had filed two prior voluntary petitions and had been adjudged a bankrupt in each proceeding. In the prior proceedings he had failed to apply for a discharge and the time, as limited by 11 U.S.C.A. § 32(a) for applying therefor, had expired when he filed his application for discharge in the instant case. Upon filing his application for discharge in the present proceedings certain of the creditors objected thereto on the ground that their debts were listed in the schedules and provable in the prior proceedings. The trial court granted the discharge but expressly excepted therefrom the debts listed in the schedules attached to the prior petitions. The bankrupt has appealed.

He makes two contentions. First, he asserts that he was denied a hearing before the referee, to whom the petition for discharge was referred, and before the court on the report of the referee. The record fails to show such denial. Second, he asserts that the court had no right to condition the discharge. Such a conditional order under a like situation was expressly approved by the Supreme Court in Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; Id. (C.C.A.5) 294 F. 867. See, also, In re Schwartz (C.C.A.2) 89 F.2d 172; In re Kuffler (C.C.A.2) 151 F. 12; Monk v. Horn (C.C.A.5) 262 F. 121, 122; Remington on Bankruptcy (4th Ed.) § 3185.

Denial of a discharge from the debts provable or failure to apply for it within the statutory time, in a proceeding in bankruptcy, bars an application under a second proceeding for a discharge from the same debts. Freshman v. Atkins, supra. Therefore, the court either would have had to deny the discharge altogether or grant a conditional discharge affecting only the debts not provable in the prior proceedings. The conditional discharge instead of being to the detriment of the bankrupt benefited him.

The decree is affirmed.