## HILL v. TOPEKA MORRIS PLAN CO.
### No. 1818.

Circuit Court of Appeals, Tenth Circuit.
June 19, 1939.

Rehearing Denied July 21, 1939.

Dennis Madden, of Topeka, Kan., for appellant.

Frank E. Miller, of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

This is an appeal from an order dismissing a petition filed by appellant, Robert L. Hill, under the Bankruptcy Act as amended.

No plan whatever of a composition or extension was ever offered by the debtor un-

til long after the hearing before the referee upon his petition. After due notice was had hearing was held, attended by the debtor and his creditor, at which he offered no plan or proposal of composition or extension. A showing was made at the hearing that the debtor had previously had numerous bankruptcy proceedings and that he had received a discharge in bankruptcy within approximately 18 months before filing of the last petition. Hill v. Railroad Industrial Finance, 10 Cir., 92 F.2d 973.

It was shown that all the creditors would not consent to a composition or extension and thereafter, after due consideration of appellant's petition, the referee recommended that the proceedings be dismissed. On motion of appellee the court thereafter entered an order dismissing appellant's petition. After such recommendation of dismissal by the referee, appellant filed a proposal offering to pay his creditors 15% of his indebtedness extended over a period of two years and acceptance of certain creditors were filed. The appellee refused to accept the proposed offer for the reason the same was unfair, inequitable and unreasonable, and that appellant was not entitled to have a discharge by way of composition because of a prior bankruptcy discharge within six years.

The court's ruling was based upon the proposition that the bankruptcy act does not permit one who cannot get a discharge in bankruptcy to secure its equivalent through a composition or extension.

In re Greenman, D.C., 10 F.Supp. 452, it is held that: "Discharge in bankruptcy cannot be granted within six years after confirmation of a composition, since a 'discharge by composition' is a 'discharge in bankruptcy' in voluntary proceedings under rule that bankrupt will not be discharged within six years of a previous discharge. (Bankr.Act §§ 14b(5), 74(g) (3), 11 U.S. C.A. §§ 32(b) (5), 202(g) (3)."

In re Radley, D.C., 252 F. 205, it was held that composition proceedings had by a bankrupt, adjudicated to be such on his voluntary petition, constituted a proceeding in bankruptcy, and where such bankrupt within the six years last past had been granted discharge from his debts, having made composition with his creditors, and had the proceedings dismissed, is not entitled to his discharge, such discharge and the composition proceeding being a discharge in bankruptcy.

See, also, In re Kornbluth, 2 Cir., 65 F. 2d 400; Remington on Bankruptcy, Vol. 7, Section 3341; Section 14(b) (5), Bankruptcy Act, as amended in 1926, 11 U.S.C.A. § 32(b) (5).

Such discharge bars a second discharge within six years. In re Massell, D.C., 285 F. 577.

To the same effect, see Rosenberg v. Borofsky et al., 1 Cir., 295 F. 500.

Where the debtor was within six years discharged in bankruptcy on his voluntary petition, confirmation should be denied. 8 C.J.S., Bankruptcy, § 708, p. 1723; Collier on Bankruptcy (13th Ed.), 451.

The confirmation of a composition operates as a discharge and was a discharge within the meaning of the section of the Bankruptcy Act barring a discharge if the applicant has in voluntary proceedings "(5) been granted a discharge in bankruptcy within six years."

Subsection (e), § 74, 11 U.S.C.A. § 202(e), provides that the application for the confirmation of a composition or extension proposal may be filed in the court of bankruptcy after, but not before, it has been accepted in writing by a majority in number of all creditors whose claims if unsecured have been allowed.

The only assets set forth by petitioner in his schedule are:

| | |
|---|---|
| The bankrupt has $42.65 held by clerk of the district court of Shawnee County, Kansas | $42.65 |
| A paycheck due July 15 from Santa Fe Ry. Co. $36.50. Perhaps, a few cents above that figure | 36.50 |
| Total | $79.15 |

The petition being filed on July 16, 1938, the court on said date entered two orders, one approving the petition and another referring the matter to E. H. Hatcher, referee in bankruptcy. On the same date the referee entered an order fixing September 14, 1938, and 808 National Bank of Topeka Building, Topeka, Kansas, as the time and place for the first meeting of creditors. On September 14, 1938, the meeting was continued to September 15, 1938, and held on the latter date, only two creditors appearing. The referee found the petitioner had no assets; that he had filed a poverty affidavit with his petition, and that this is the fifth bankruptcy petition filed by the petitioner within the last twelve years; that on

October 20, 1926, petitioner filed a petition in bankruptcy and was discharged on July 14, 1928; that on December 4, 1929, he filed another petition in bankruptcy but did not seek a discharge; that on January 30, 1931, petitioner filed another petition in bankruptcy, which was dismissed; that in June, 1933, the petitioner filed another petition in bankruptcy and was discharged February 18, 1936, as to certain debts, (but not to appellee's debt). The referee further found that the petitioner cannot have another discharge until six years have elapsed from February 18, 1936; that the creditors appearing before the referee have refused to agree to any composition or extension and the bankrupt has no funds with which to effect a composition.

Claims in the following amounts were filed by the creditors:

| | |
|---|---|
| E. C. Wise | $1,100.00 |
| | 116.65 |
| Wilson Hill | 526.10 |
| George Glass | 215.75 |
| May Susan Hardiman | 225.00 |
| Hazel Patterson | 256.55 |
| Topeka Morris Plan Co. | 684.82 |

On September 24, 1938, the petitioner filed a motion to set aside the recommendation for dismissal made by the referee, accompanied by an offer of composition accepted by all the creditors except the appellee, the Topeka Morris Plan Company. The proposed composition provided for the payment of $4.38 each month on the claim of the appellee, 15% monthly of the amounts of the other claims for a period of two years, and an extension of the debts for a period of two years. Petitioner set up as grounds for his motion the failure of the referee to fix a reasonable time within which application for confirmation should be filed, and the fact that no motion to dismiss had been filed.

On September 29, 1938, the appellee filed a motion to dismiss the proceedings, setting up as one of the grounds therefor that the petitioner is without funds to carry out the proposed composition of 15% offered by him and that the petitioner was discharged in bankruptcy on February 18, 1936.

The trial court found that the petitioner was discharged on February 18, 1936 and was not entitled to maintain proceedings under Section 74 of the Bankruptcy Act, 11 U.S.C.A. § 202 for a discharge of his debts by composition thereof, and that the petitioner has no funds with which to effect such composition of his debts, and that the proposal filed by the debtor for extension is inequitable and unreasonable. An order was entered dismissing the petition.

■ Error, if any, in the referee's failure to fix a reasonable time within which application of confirmation should be made was cured by the fact that a proposal for composition accepted by all the creditors who filed claims, except the appellee, was filed with the motion to set aside the recommendation of the referee and was considered by the court.

■ Jurisdiction to administer the bankrupt's estate is not affected because of a previous discharge within six years. Remington on Bankruptcy, Vol. 7, Section 3350. Whether under said Section 202 a proceeding may be maintained if the bankrupt seeks no discharge, it is not essential here to decide this question.

■ Petitioner schedules no assets, filing a poverty affidavit. From the schedule his earning capacity is limited to $73.00 per month. The proposed composition contemplates the payment of $4.38 per month to the Topeka Morris Plan Company and $366.00 per month to the other creditors. At the hearing in this court it was admitted that one of the purposes of the petition was to prevent garnishment proceedings. The proposal of composition by petitioner could not be carried out. Obviously, the petition was not filed in good faith.

Bankruptcy may not be used as a means to hinder, delay, or defraud creditors. In re Nash, D.C.W.Va., 249 F. 375.

The court did not err in dismissing the petition. The judgment is affirmed.