**In re SHEFF.**

No. 40112–O'C.

District Court, S. D. California,
Central Division.

Sept. 30, 1942.

Bernard Weinberg, of Los Angeles, Cal., for W. P. Fuller & Co., objector.

Ben Sheff, bankrupt, in pro. per.

J. F. T. O'CONNOR, District Judge.

The referee's certificate on petition for review discloses the following facts:

Ben Sheff filed his petition and schedules in bankruptcy on February 14, 1942, and on the same date was adjudicated a bankrupt. On April 17, 1942, W. P. Fuller & Co., a corporation, one of the creditors listed in said schedules, filed objections to the bankrupt's discharge on the ground that the same claim was listed in two previous bankruptcy proceedings filed by the bankrupt, being No. 31255–H and No. 28019–Y, and that each of said matters was dismissed by the referee for lack of prosecution.

The matter came on for hearing upon the objections to discharge on May 25, 1942, and the bankrupt appeared in propria persona. The objecting creditor was represented by counsel, and placed before the referee the records in bankruptcy proceedings No. 28019–Y and No. 31255–H filed June 9, 1936, and January 13, 1938, respectively. In both of these proceedings W. P. Fuller & Co. is listed as a creditor. Both proceedings were dismissed by the referee on the same grounds, viz.: For failure of bankrupt to pay his filing and indemnity fees and particularly for his failure to pay that portion of his indemnity fee necessary for the calling of the first meeting of creditors. There are other claims listed in the instant proceeding which were also listed in the schedules in the two preceding bankruptcy cases. The referee sustained objections of the objecting creditor, and granted the bankrupt the usual discharge as against obligations which arose subsequent to the filing of the last preceding petition of January 13, 1938, but denied his discharge as against those claims listed in the schedules filed February 14, 1942, which were also listed in the preceding bankruptcy schedules. From this ruling bankrupt petitions for a review.

The referee is affirmed in his ruling denying the bankrupt a discharge from the claim of W. P. Fuller & Co.

The ruling of the referee denying the bankrupt's discharge from all other claims filed in the two preceding proceedings is affirmed. The referee's order conditionally discharging the bankrupt from debts and claims should specify the particular items from which the bankrupt was not discharged. The names of creditors and amounts might be identical in all three petitions and one or more be discharged and the others not discharged. Conditional discharges should indicate clearly the debts and claims exempted from the order. This rule should minimize litigation, if not prevent needless litigation, a result devoutly to be wished. Should a creditor institute action on a debt or claim not discharged, less difficulty would be experienced in making proper proof and less delay in reaching a proper conclusion. The order or judgment should be complete in itself and not refer to other documents, records or papers.

The ruling of the referee discharging the bankrupt from all claims which arose subsequent to the filing of the two former petitions, is affirmed. Conditional orders, such as entered in this action by the referee, have the approval of our courts. Hill v. Railroad Industrial Finance Co., 10 Cir., 92 F.2d 973. Judge Phillips cites the following cases in his opinion sustaining his decision on this point: Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193, 6 Am.B.R., N.S., 744; Id., 5 Cir., 294 F. 867, 3 Am.B.R., N.S., 454. See also In re Schwartz, 2 Cir., 89 F.2d 172, 33 A.B.R., N.S., 673; In re Kufler, 2 Cir., 151 F. 12, 18 A.B.R. 16; Monk v. Horn, 5 Cir., 262 F. 121, 122; Remington on Bankruptcy (4th Ed.) sec. 3185.

The bankrupt maintains that, as no other creditors except W. P. Fuller & Co. objected to the discharge, the referee erred in failing to allow a discharge from such debts for the reason that the relief to be awarded is limited to that sought by the pleadings; and a judgment which does not follow the issues as made out by the pleadings, may be set aside or reversed and further that a majority of opinions hold such judgments are coram non judice. Numerous cases are cited. Several of the opinions cited by the bankrupt sustain his contention. In re Brown, D.C., 35 F.Supp. 619, 622, the court interprets the opinion of the Supreme Court of the United States in Bluthenthal v. Jones, 1908, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390, as "authority for the principle that creditors must be alert and not stand by in a second bankruptcy proceeding and allow their claims scheduled in a prior proceeding to be discharged". However, the Supreme Court in Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193, seventeen years after the Bluthenthal opinion had before it a similar case, and referred to the Bluthenthal opinion. Petitioner, on November 1, 1915, filed voluntary petition in bankruptcy. Discharge contested. Referee recommended discharge be denied. Report not acted upon. More than seven years thereafter, on November 11, 1922, a second voluntary petition was filed by the bankrupt. Same creditors as well as new creditors listed in second petition. Referee recommended discharge under second petition be granted. The court, upon its own initiative, took judicial notice of the pending of the former application, and denied the second in respect to the creditor included in the first petition, granted it as to the additional creditors, and denied, by a separate order, the discharge sought under the original proceedings. The Circuit Court affirmed. The Supreme Court said:

"The opinions of the two courts do not proceed upon precisely similar grounds, but they reach the same conclusion, which is, in effect, that the pendency of the first application precluded a consideration of the second in respect of the same debts. In this conclusion we concur. A proceeding in bankruptcy has for one of its objects the discharge of the bankrupt from his debts. In voluntary proceedings, as both of these were, that is the primary object. Denial of a discharge from the debts provable, or failure to apply for it within the statutory time, bars an application under a second proceeding for discharge from the same debts." Kuntz v. Young, 8 Cir., 131 F. 719; In re Bacon, 5 Cir., 193 F. 34; In re Fiegenbaum, 2 Cir., 121 F. 69; In re Springer, D.C., 199 F. 294; In re Loughran, 3 Cir., 218 F. 619; In re Cooper, D.C., 236 F. 298; In re Warnock, D.C., 239 F. 779; Armstrong v. Norris, 8 Cir., 247 F. 253; In re Schwartz, D.C., 248 F. 841; Horner v. Hamner, 4 Cir., 249 F. 134, L.R.A. 1918E, 465; Monk v. Horn, 5 Cir., 262 F. 121.

"Here there was no plea or objection by any interested party, and it is argued

that this is a necessary prerequisite to a consideration of the matter—that the court may not refuse a discharge ex mero motu. That such is the rule where the action of the court is based upon one or more of the acts of the bankrupt which operate to preclude a discharge may be conceded. But the objection that the issue is already pending, as that it has been adjudged, goes to the right of the bankrupt to maintain the later application, not to the question of the evidence or grounds upon which the relief may be granted if the application be maintainable. The refusal to discharge was not on the merits, but upon the procedural ground that the matter could not properly be considered or adjudged, except upon the prior application. This application had been reported upon adversely by the referee, was still pending, and, in ordinary course, could have been considered and acted upon by the court. To ignore it, and make a second application, involving a new hearing, was an imposition upon and an abuse of the process of the court, if not a clear effort to circumvent the statute by enlarging the statutory limitation of time within which an application for a discharge must be made. In such a situation the court may well act of its own motion to suppress an attempt to overreach the due and orderly administration of justice."

The court said: "There is nothing in Bluthenthal v. Jones, 208 U.S. 64, 28 S. Ct. 192, 52 L.Ed. 390, to the contrary. There the previous denial of a discharge had been in another court sitting in another state. This court held that, while an adjudication in bankruptcy, refusing a discharge, came within the rule of res judicata, the court in which the second proceeding was brought was not bound to search the records of other courts and give effect to their judgments. This is far from saying that the court may not take judicial notice of, and give effect to, its own records in another, but interrelated, proceeding, as this was." In re Loughran, supra, 218 F. at page 621; Bienville Water-Supply Co. v. City of Mobile, 186 U.S. 212, 217, 22 S.Ct. 820, 46 L.Ed. 1132; Dimmick v. Tompkins, 194 U.S. 540, 548, 24 S.Ct. 780, 48 L.Ed. 1110; Louisville Trust Co. v. City of Cincinnati, 6 Cir., 76 F. 296, 318; In re Sussman, D.C., 190 F. 111, 112.

Bankrupt contends that he is entitled to a discharge unless he has committed an offense under subdivision c of Sec. 14 (Chandler Act), 11 U.S.C.A. § 32, as amended, and the basis for the ruling by the referee does not come within any of the specified grounds for denying a discharge. This contention is answered in Freshman v. Aiken, supra.

The Bankruptcy Act is humane to the debtor, but drastic to the creditor. The adjudication stays all proceedings by or on behalf of creditors, and permits the debtor a degree of repose from the demands and embarrassments of those to whom he is indebted. To permit a debtor to be adjudicated a bankrupt leaving his creditors in suspended animation indefinitely is not the policy of the law.

The referee will modify the order of discharge consistent with this opinion.