**In re SETZLER.**

**No. 42242–WM.**

District Court, S. D. California,
Central Division.

June 20, 1947.

Rupert B. Turnbull, of Los Angeles, Cal., for petitioner.

Harry A. Pines, of Los Angeles, Cal., for trustee.

Hubert F. Laugharn, of Los Angeles, Cal., referee in bankruptcy.

MATHES, District Judge.

These proceedings were instituted by an involuntary petition in bankruptcy filed in 1943. An order of general reference was made at that time. The alleged bankrupt answered the involuntary petition, and thereafter petitioned for proceedings under Chapter XI, 11 U.S.C.A. § 701 et seq. The Chapter XI petition was approved and likewise referred to the referee.

A plan of arrangement was proposed by the debtor and, following acceptance by creditors, the referee entered an order on August 30, 1944 confirming the plan.

The plan provided that the debtor would pay $500 to a receiver forthwith, and a like sum each month commencing sixty days after approval of the plan and continuing until all unsecured debts aggregating some $50,000 were paid to the extent of one-half or more, according to class, as stipulated in the arrangement. The plan further provided that the bankruptcy court retain jurisdiction until the arrangement was fully performed.

On September 21, 1945, the referee found that the debtor was in default under the plan to the extent of payments aggregating $4,500 and entered an order directing the debtor to pay that amount to the receiver. However, no payments were made. On October 17, 1945 the referee found that the arrangement had failed because of the debtor's default and thereupon entered an order pursuant to § 377(1), 11 U.S.C.A. § 777(1), dismissing the arrangement proceedings, adjudicating the debtor a bankrupt, and directing that bankruptcy be proceeded with as provided by the Act.

In due course the trustee urged that the bankrupt be required to pay into the bankrupt estate the sum of $4,500 which he had failed to pay, either as agreed or as ordered by the referee, during the life of the arrangement. On March 21, 1946, upon petition of the trustee, the referee entered an order authorizing the trustee to sue the bankrupt in the Superior Court of the State of California in an effort to recover this sum for the estate. That action is now pending.

Thereafter the trustee interposed objections to the bankrupt's discharge, alleging the failure of the bankrupt to pay the $4,500 in question constituted refusal to obey a lawful order of the court within the meaning of § 14, sub. c(6), 11 U.S.C.A. § 32, sub. c(6). At the discharge hearing both the trustee and the bankrupt raised and argued the question whether a discharge would release the bankrupt from any obligation to pay the $4,500, and thus serve as a defense to the trustee's action in the state court.

On July 11, 1946 the referee filed his "Memorandum re Objections to Discharge of Bankrupt", holding that the "bankrupt's inability or failure to make the said payments does not have that type of moral turpitude or flagrant disregard for the order of the Court as referred to under Sec. 14, sub. c(6)," and overruling the trustee's objections. The referee also ruled that the discharge would not affect any right or remedy of the trustee in the state court action; that any judgment against the bankrupt which might be awarded the trustee in that action would constitute an asset of the bankrupt estate and would not be affected by the discharge.

At the time of filing the "Memorandum" a separate order of discharge was entered by the referee on the usual form, discharging the bankrupt "from all debts and claims which are made provable by * * * [the] Act against his estate, except such debts as are, by said Act, excepted from the operation of a discharge in bankruptcy." See Form No. 45, "Discharge of Bankrupt," approved by the Supreme Court, 11 U.S.C.A. following section 53. The bankrupt has petitioned for a review of both the order of discharge and the "Memorandum."

The order of discharge contains no qualifications, and the trustee has not challenged it. Nor has the trustee or any creditor challenged the referee's conclusion in the "Memorandum" that the objections to the discharge should be overruled because the bankrupt's conduct was not within the purview of § 14, sub. c(6).

These rulings would now be affirmed if the "Memorandum" had been confined to the order overruling the trustee's objections to a discharge. Instead the referee proceeded to rule that the order of discharge

did not affect the bankrupt's liability for the payments which accrued during the life of the terminated plan of arrangement. Relying on Local Loan Co. v. Hunt, 1933, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195, the referee was of the opinion that the bankruptcy court had jurisdiction at its discretion to determine the "effect" of a discharge.

■ As a general rule "the granting of a discharge is the function of the bankruptcy court alone, but its effect is for any court in which it is duly pleaded or otherwise submitted for judgment." In re Munsie, 2 Cir., 1929, 33 F.2d 79, 80; In re Devereaux, 2 Cir., 1935, 76 F.2d 522, 523; In re Andrews, D.C.Cal., 1930, 47 F.2d 949, 950. In the Hunt case, however, after receiving a discharge the bankrupt filed an ancillary bill of complaint in the bankruptcy court seeking an injunction to restrain Local Loan Co. from prosecuting a state court action to enforce an assignment of wages executed by the bankrupt prior to bankruptcy.

■ Recalling that a federal court has general equitable jurisdiction of an ancillary bill to implement its judgment or decree in an original action, the Supreme Court held that rule applicable to bankruptcy proceedings. Jurisdiction of the bankruptcy court in the Hunt case to determine the effect of its order of discharge was sustained upon this ground. And the opinion points out that a court of bankruptcy is not bound to exercise this equitable jurisdiction, and should do so only under unusual circumstances. Local Loan Co. v. Hunt, supra, 292 U.S. at 239-241, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195.

Assuming "unusual circumstances" in the proceedings at bar, there was no pending ancillary bill requiring a determination of the effect of the discharge. Cf. Harrison v. Donnelly, 8 Cir., 1946, 153 F.2d 588. Nevertheless, as stated before, the referee in his "Memorandum" did make such a determination with respect to liability for defaulted payments under the plan of arrangement.

■ Moreover, the cause of action asserted by the trustee in the state court presents a question of bankruptcy law arising out of proceedings in this court. Hence it is sound administrative policy to review the merits of the referee's decision, rather than merely reverse that ruling in the "Memorandum" for want of jurisdiction and leave the question to be litigated in the state court. For "in the interpretation and application of federal statutes, federal not local law applies." Prudence, etc., Corp. v. Geist, 1942, 316 U.S. 89, 95, 62 S.Ct. 978, 86 L.Ed. 1293; Deitrick v. Greaney, 1940, 309 U.S. 190, 200, 201, 60 S.Ct. 480, 84 L.Ed. 694.

■ A discharge in bankruptcy can only affect provable debts. 11 U.S.C.A. § 35; Zavelo v. Reeves, 1912, 227 U.S. 625, 629, 33 S.Ct. 365, 57 L.Ed. 676, Ann.Cas.1914D 664. A debt is not a "provable debt" unless in existence at the time of filing of the original petition. Brown v. O'Keefe, 1937, 300 U.S. 598, 603, 57 S.Ct. 543, 81 L.Ed. 827; Williams v. U. S. Fidelity Co., 1914, 236 U.S. 549, 556, 35 S.Ct. 289, 59 L.Ed. 713; Zavelo v. Reeves, supra, 227 U.S. 625, at 629-630, 33 S.Ct. 365, 57 L.Ed. 676, Ann. Cas.1914D, 664; Ingells v. Botcler, 9 Cir., 1938, 100 F.2d 915, 918. And where a debtor operating under a plan of arrangement is adjudicated a bankrupt, the adjudication relates back to the time of filing of the original petition. Miller v. Woolley, 9 Cir., 1940, 141 F.2d 837, 841.

■ If any obligation should arise from failure of a plan of arrangement, the referee is correct in holding that such obligation cannot be affected by subsequent adjudication and discharge. It is my opinion, however, that the obligation of a debtor to make payments according to a plan continues only during the life of the arrangement, and ipso facto terminates upon dismissal of the arrangement proceedings pursuant to § 377(1), 11 U.S.C.A. §§ 777(1).

To hold otherwise would defeat the plain intendment of Chapter XI. The purpose of a plan of arrangement is to permit the debtor to carry on in the hope that he will thus be able to pay his creditors more than they would realize were he immediately adjudicated a bankrupt. There is nothing in the Act suggesting that failure of the debtor to achieve the goal set by an approved plan

gives rise to an original obligation which can be enforced after the arrangement proceedings have been dismissed.

The bankruptcy law would advance a strange policy indeed if a debtor, who attempts to rehabilitate himself financially and benefit his creditors through an arrangement but fails, may be left saddled with debts upon discharge in bankruptcy, while a petitioner who seeks an immediate adjudication without undertaking a plan of arrangement goes debt free upon discharge. See Local Loan Co. v. Hunt, supra, 292 U. S. 234 at 244-245, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195.

That such is not the policy of the Act is well illustrated by McKeever v. Local Finance Co., 5 Cir., 1935, 80 F.2d 449, where the debtor obtained an extension under § 74, see 11 U.S.C.A. § 202, conditioned upon a pledge of a portion of his future earnings. Subsequently the debtor incurred additional debts, but the court upheld his right to have the proceedings terminated and be adjudicated and discharged in bankruptcy as to both new and old creditors.

The court observed that "an arrangement entered into binding a debtor's future earnings, beyond the time of his willingness to have them applied, is contrary to the spirit and the letter of the bankruptcy law. Such an arrangement does not promote, it defeats the purposes for which § 74 and the other bankruptcy statutes were enacted." McKeever v. Local Finance Co., supra, 80 F.2d at page 452.

The referee's ruling, that his order of September 21, 1945, directing the debtor to pay the receiver created a continuing obligation, is said to be based upon a precedent set by an order of my learned colleague Judge McCormick. In the Matter of Edwards, D.C.S.D.Cal., 73 F.Supp. 311.

In the Edwards case, the debtor had obtained a discharge in bankruptcy in 1935, hence could not obtain another discharge until 1941. 11 U.S.C.A. § 32. In 1937 he filed a petition for relief under § 74, see 11 U.S.C.A. § 202, and submitted a plan for an extension of time within which to pay his debts. This plan provided that the debtor would turn over all of his earnings to a disbursing agent who would apply 46% thereof to the claims of creditors and 54% for the living expenses of the debtor.

The plan was approved and Edwards observed its terms except for a period of about eight months in 1939, during which he failed to turn over his earnings amounting to $13,000. Edwards lost approximately $9,000 of this through investment in an unsuccessful hair retaining business.

In 1941 Edwards filed a voluntary petition in bankruptcy and sought a dismissal of the arrangement proceedings. The referee thereupon ordered that he be relieved of the obligations of his plan, but ruled that dismissal of the proceedings be conditioned upon payment of the creditors' share of the $13,000 which Edwards had wilfully diverted from the fund pledged to the plan.

Affirming the referee Judge McCormick held that although an arrangement could not bind a debtor's future earnings (citing McKeever v. Local Finance Co., supra, 80 F.2d at 452), "under the broad equitable jurisdiction of the referee in bankruptcy the debtor's release from proceedings under Section 74 of the Bankruptcy Act may be made conditional upon his paying up all defaults in payments due before the release [the date of filing the voluntary petition in bankruptcy] * * *."

This holding results from application of the maxim that "He who seeks equity must do equity." Edwards was in effect denied his second discharge in bankruptcy because funds committed to the plan were intentionally diverted by him to other purposes in wilful disregard of a lawful order of the bankruptcy court. Cf. In Re Gophrener, D.C.E.D.N.Y., 1937, 20 F.Supp. 922.

In the proceedings at bar, the referee found that the bankrupt's "inability or failure to make the said payments does not [constitute] * * * flagrant disregard for the order of the Court as referred to under Section 14, sub. c(6)," hence was not of such character as to warrant denial of a discharge. Yet the referee's rulings in effect deny the bankrupt a discharge to the extent of a portion of his indebtedness. Cf. Freshman v. Atkins, 1925, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; Hill v. Railroad etc.

318

Finance Co. 10 Cir., 1937, 92 F.2d 973; In re Sheff, D.C.S.D.Cal., 1946, 46 F.Supp. 795.

I am unable for that reason to reconcile the order of discharge with the rulings in the "Memorandum." If the referee was of the opinion that failure to make the payments called for by the plan was not due to inability to comply (Cf. Southern Rock Island Plow Co. v. Florence, 5 Cir., 1928, 29 F.2d 397, 398), but was intentional and such as to warrant following the action taken in the Edwards case, he should have denied the discharge upon the ground that such failure constituted refusal to obey a "lawful order of the court" within the meaning of § 14, sub. c(6), 11 U.S.C.A. § 32, sub. c(6).

Finally, it is urged that $4,500 of the bankrupt's indebtedness was properly excepted from the discharge because the referee's order of September 21, 1945, directing the debtor to pay the defaulted payments under the plan of arrangement has long been final; that Setzler's obligation is fixed by this order which is now res judicata. But the order was made in the course of administration of the arrangement proceedings and was plainly interlocutory in character, hence did not impose or adjudicate any new liability. Cf. Friend v. Talcott, 1912, 228 U.S. 27, 41, 33 S.Ct. 505, 57 L.Ed. 718.

Furthermore, the referee's subsequent order dismissing the arrangement proceedings is also final. Prudence etc. Corp. v. Ferris, 1945, 323 U.S. 650, 654-655, 65 S.Ct. 539, 89 L.Ed. 528. And since a final order dismissing proceedings under Chapter XI pursuant to § 377(1), 11 U.S.C.A. § 777(1), terminates all legal obligation of the debtor to make payments called for under the plan and reinstates all unpaid indebtedness involved in the unsuccessful arrangement, there is no basis for excepting $4,500 in indebtedness from the bankrupt's discharge, if he be entitled to one. Nor is there any basis for the trustee's action in the state court, and he should be instructed to dismiss it.

The order of discharge and all orders contained in the referee's "Memorandum re Objections to Discharge" will be reversed, and the matter will be recommitted to the referee for further proceedings upon the bankrupt's application for a discharge consistent with the views herein expressed.