### In re EDWARDS.
### No. 29855–H.

District Court, S. D. California,
Central Division.

Nov. 4, 1941.

See also 73 F.Supp. 312.

Harry Ashton, of Los Angeles, Cal., for debtor.

Loeb & Loeb, by Keating Coffey, all of Los Angeles, Cal., for petitioner.

George T. Goggin, of Los Angeles, Cal., for trustee.

McCORMICK, District Judge.

Upon consideration of the referee's certificate on review and the entire record of this proceeding, together with the arguments and memoranda of respective counsel, the findings of fact, conclusions of law and order of the referee dated June 2, 1941, are and each is hereby confirmed, and the findings of fact and conclusions of law of the referee in bankruptcy are hereby adopted and made the findings of fact and conclusions of law of this court.

■ In amplification of the foregoing order and decision, it appears to the court that the only debatable question in this review is the proper date at which the debtor should be held to have been released from obligation under the plan which he proposed pursuant to the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. The Fifth Circuit Court of Appeals in McKeever v. Local Finance Co., 80 F.2d 449, at page 452, stated "an arrangement entered into binding a debtor's future earnings, beyond the time of his willingness to have them applied, is contrary to the spirit and the letter of the bankruptcy law. Such an arrangement does not promote, it defeats, the purposes for which section 74 and the other bankruptcy statutes were enacted."

A review of the facts of the instant case indicates that at neither of the hearings of December 7, 1939, and December 14, 1939, did the debtor or his attorney or anyone on his behalf make any objection, offer any motion, or in any way indicate that the debtor was not willing to proceed under the plan as ordered by the referee. The contrary appears, because the debtor clearly evidenced that he understood that he was to make payments strictly in accordance with the plan and the referee's order, and the attorney for the debtor unmistakably at such times indicated his concurrence in the plan and in the order of the referee. It is clear, therefore, that the debtor manifested no unwillingness at either of said meetings in December of 1939 to discontinue, depart from or alter in any way the plan and order of the referee relative thereto.

■ Upon the filing of the petition for voluntary bankruptcy on March 6, 1941, and the subsequent adjudication of the debtor as a bankrupt, there was a clear manifestation of the debtor's unwillingness further to have a percentage of his future earnings applied to his debts under the plan pursuant to Section 74 of the Bankruptcy Act, 11 U.S.C.A. § 202. The McKeever case, supra, is authority for the position that the debtor proceeding could not and did not take away from the debtor a right to invoke voluntary bankruptcy proceedings under the ordinary processes of the National Bankruptcy Act. His petition for voluntary bankruptcy, in our opinion, established an unmistakable unwillingness on his part to make further payments out of his future earnings, and it follows that March 6, 1941, is the proper date at which the debtor should be held to have been released from the obligation to make payments under the plan.

■ Under the broad equitable jurisdiction of the referee in bankruptcy the debtor's release from proceedings under Section

74 of the Bankruptcy Act may be made conditional upon his paying up all defaults in payments due before the release date, to-wit, March 6, 1941, and unpaid by the debtor as of that date.