## In re WOOD.
### No. 14018.

United States District Court
E. D. Tennessee, S. D.
April 14, 1949.

John Ross Scott, trustee, of Chattanooga, Tenn., pro se.

Coffey, Durand & Coffey, of Chattanooga, Tenn., for bankrupt.

DARR, District Judge.

This is a review of an order of the Referee requiring the employer of the

bankrupt to pay over to the Trustee "any wages or commissions or bonuses accrued for services rendered prior to November 12, 1948, up to $2000.00," the reference being to the services of the bankrupt.

By petition filed on February 2, 1948, under the provisions of Chapter 11 of the Bankruptcy Act, 11 U.S.C.A. §§ 701–799, an arrangement was made between James B. Wood and his creditors, which arrangement set up the following contract between the parties: (1) A receiver was to be appointed to take charge of the business owned by Mr. Wood and known as the Card and Gift Shop, operate the same and use the proceeds on payment of Mr. Wood's debts when properly proved and allowed; and (2) Mr. Wood had employment in a store and was to receive a bonus which he agreed to pay, up to $2000, to the Receiver for distribution to unsecured creditors.

In accord with the arrangement the Receiver was appointed and the business known as the Card and Gift Shop was operated and the debtor continued to work for the General Appliance Corporation. From the profits of the business the preferred creditors and administrative expenses were paid and approximately $350 was accumulated in the fund to go to unsecured creditors.

For sufficient reasons appearing, the debtor was declared a bankrupt on November 12, 1948, and the arrangement proceedings dismissed.

The bankrupt claims that the adjudication relates back to the date of the filing of the arrangement proceedings and that his personal earnings after that date are not part of his estate. Therefore, that the order requiring the payment of any of his earnings after February 5, 1948, amounts to an effort to require him to pay wages earned after bankruptcy.

If the position taken by the bankrupt be true, his conclusions are correct. Wages earned after bankruptcy are not part of the bankrupt estate. But this is not the entire picture in this case.

At Section 378(2) of the Bankruptcy Act, a portion of Chapter 11, 11 U.S.C.A. § 778(2), the following is provided:

"Upon the entry of an order directing that bankruptcy be proceeded with * * * (2) In the case of a petition filed under section 322 of this Act, the proceedings shall be conducted, so far as possible, in the same manner and with like effect as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered on the day when the petition under this Chapter was filed * * *."

It is under this provision that the bankrupt claims that the adjudication was retroactive whereby he is relieved from contributing his earnings to the estate. Attention is called to the above provision whereby the retroactive requirements are to be effective "so far as possible." "So far as possible" obviously implies a retroactive effect of the adjudication if consistent with the terms and intendments of the Bankruptcy Act. The arrangement proceedings are not rendered of no effect by reason of this provision. If the arrangement proceedings were of no effect then the earnings from the business would also be no part of the bankrupt estate as having been earnings after bankruptcy.

The proper construction of the situation is that the arrangement proceedings are merged into the bankruptcy and the bankrupt is held to the contract made therein whereby he has induced the creditors to agree to the arrangement and conferred jurisdiction upon the court over all the subject matter thereof.

There is not much authority on this question. In the interesting case of Miller v. Woolley, 9 Cir., 141 F.2d 837, 838, involving the estate of the great actor, John Barrymore, we find a somewhat analagous situation. The question there presented affected the future earnings of the debtor pending arrangement proceedings up to bankruptcy. Therein the Court made the following enlightening announcement:

"The power of the bankruptcy court in arrangement proceedings over the future earnings of the debtor is entirely dependent upon the arrangement proposed by the debtor in his petition for confirmation of the arrangement. The basic question then is, what was the arrangement proposed by

the debtor and to what extent did the debtor yield jurisdiction over his future earnings."

The clear implication of this pronouncement is that the debtor, when he becomes a bankrupt, is bound by his proposal made in the arrangement proceedings. He cannot, in equity, induce his creditors to agree to an arrangement, confer jurisdiction upon the court to carry out the same, and then avoid his solemn contract by bankruptcy proceedings.

Therefore, the conclusion is reached that the Referee was correct in the order attacked except there are not grounds for reaching the wages or commissions earned by the bankrupt after February 5, 1948. The adjudication was retroactive for all personal earnings except those proposed and accepted in the arrangement proceedings. Cf. Seaboard Small Loan Corp. v. Ottinger, 4 Cir., 50 F.2d 856, 77 A.L.R. 956.

■ The bankrupt contends that the order is invalid because it was made without notice and a hearing. The fact that the bankrupt did make a motion to review and set aside the order whereby he was given a hearing eliminates this complaint.

The order of the Referee will be modified to eliminate the requirement of payment of wages and commissions but otherwise is affirmed.

Order accordingly.

### On Motion to Rehear.

For decision is a motion interposed by the bankrupt seeking a rehearing and reversal of a judgment announced wherein an order of the Referee was affirmed.

For a recitation of the facts and the particular questions presented, reference is made to the memorandum heretofore filed.

An examination has been made of the entire file and the whole matter reconsidered.

The arrangement proceedings were terminated and the debtor was adjudicated a bankrupt under section 377 of the Bankruptcy Act. The assumption is, therefore, that conditions existed as provided by said section to justify the adjudication.

Attentive study of the statute in question, section 378 of the Bankruptcy Act, together with such authorities as have been found, indicates that the original conclusions reached were correct.

■ Upon termination of an arrangement proceeding after confirmation and an adjudication in bankruptcy, all assets in hand arising under the contract of arrangements become a part of the bankrupt estate. The statute does not contemplate retroactive effect concerning assets available at the time of the adjudication, which assets have come into being by reason of the arrangement proceedings. In re Edwards, D. C., 73 F.Supp. 310; In re Setzler, D.C., 73 F.Supp. 314; Cf. In re Potts, 6 Cir., 142 F.2d 883; McKeever v. Local Finance Co., 6 Cir., 80 F.2d 449.

■■ A distinction is noted where there are contractual provisions in the arrangement proceedings whereby the debtor is to pay future earnings but it appears that he cannot do so and is without fault, the executory obligations are not a part of the bankrupt estate.

In the case at bar the debtor agreed by the arrangement, which was confirmed, that he would pay on his debts a bonus to be earned. He actually earned and had the bonus, or a portion thereof, at the time he went into bankruptcy. This situation is much the same as in the case of In re Edwards, supra. It is true that this bonus was not due until March, 1949, and that there were contingencies that might have precluded him from receiving the bonus at all, yet time has proven that actually he did have an earning due him by way of bonus at the time of bankruptcy. This was not executory and became a part of the bankrupt estate.

The motion to rehear is denied.

Order accordingly.