## SOLOMON

v.

## ALLIED BLDG. CREDITS, Inc.

## No. 14914.

United States Court of Appeals, Eighth Circuit.

Feb. 10, 1954.

10. 26 U.S.C.A. § 291(a).

M. E. Culhane, Minneapolis, Minn. (Samuel Dolf, Minneapolis, Minn., on the brief), for appellant.

Joe A. Walters, Minneapolis, Minn., for appellee.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal by Lewis E. Solomon, trustee in bankruptcy of the estate of U. S. Plating Company, a Minnesota corporation engaged in business at St. Paul, Minnesota, from a judgment affirming an order of the Referee sustaining the objection of the Allied Building Credits, Inc., to the summary jurisdiction of the court.

On November 30, 1949, an involuntary petition in bankruptcy was filed against the U. S. Plating Company, and on March 6, 1950, it was adjudicated a bankrupt, and Solomon became the qualified receiver of the estate.

On November 30, 1949, the bankrupt was indebted to Allied Building Credits, Inc., hereinafter called appellee, in the sum of about $2,400. Between November 30, 1949, and March 6, 1950, the bankrupt U. S. Plating Company continued to operate its business as a going concern; and between those dates appellee received from the bankrupt the following payments on the indebtedness owing to it on November 30, 1949:

December 7, 1949, $598.92;
January 27, 1950, 299.46; and
February 28, 1950, 299.46.

Total, $1197.84.

On March 5, 1952, the trustee filed a petition in the office of the Referee for an order requiring appellee to show cause why it should not be required to turn over to the trustee the sum of $1197.84 because of the foregoing facts, with interest at 6% from the dates of payment.

On that petition an order was issued by the Referee on March 6, 1952, directing appellee to show cause before the Referee why it should not pay those sums of money to the trustee with interest from the date of payment. The order was served on appellee and through its attorney it filed a motion to dismiss the petition and order to show cause on the ground that the petition was insufficient to state a claim or cause of action upon which relief could be granted and upon the further ground that the Referee was without jurisdiction summarily to determine the rights or claims of appellee because the claims of the petitioner were the proper subject matter of plenary proceedings rather than summary proceedings, for these reasons:

1. That appellee is a bona fide adverse claimant to the payments referred to;

2. That the payments referred to did not comprise property belonging to the bankrupt; and

3. That if said payments did consist of property belonging to the bankrupt, said property was not in the actual or constructive possession of either the bankrupt or the court on the date of filing the petition in bankruptcy against the bankrupt on November 30, 1949.

The appellee also filed an answer alleging want of jurisdiction of the Referee. At a hearing before the Referee it was agreed that but two questions required answer by the Referee. They were (1)

whether the petition stated a cause of action, and (2) whether the Referee was without jurisdiction summarily to dispose of the proceeding and that the claim could be prosecuted only in a plenary action in a federal or a state court, if a claim for relief were stated.

Evidence was taken and arguments were heard by the Referee and he filed an opinion and made findings of fact and conclusions of law, holding that "The Referee and the Bankruptcy Court do not have jurisdiction to dispose of the issue presented by summary proceedings", and the petition and order to show cause were dismissed.

The trustee appealed from the order of the Referee to the district court. After a hearing on the appeal the court entered an order approving and adopting, ratifying and affirming the findings and conclusions of the Referee, and ordered that the petition of the trustee be denied and the order to show cause directed to the appellee be dismissed.

From the order so entered the trustee appeals.

The appellant assigns nine alleged errors in the findings and conclusions of the Referee and the court, all of which are developed and discussed under two points, namely:

1. Appellee is not such an adverse claimant to the part of the bankrupt estate in issue as to enable it to compel the resorting to a plenary action, since its alleged adverse claim did not exist before supervening bankruptcy.

2. Appellee by filing its claim consented to summary jurisdiction.

The referee and the court found that * * *

"The evidence shows that on October 17, 1949, prior to the filing of the petition, the bankrupt opened an account at the Midway National Bank of St. Paul under the name of 'Permachrome Company' and that account was continued during the times herein mentioned and officers and agents of the bankrupt corporation made deposits in and withdrawals from that account. It was opened for the purpose of depositing funds of the bankrupt in that account with the idea that it would be some protection against creditors to deposit the money in that name. After the filing of the petition, the officers of the bankrupt corporation continued to receive money on accounts which were owing to the bankrupt when the petition was filed on November 30, 1949, and the money went into that account and some such money, as well as new money earned on new business, went into the account up to the 25th day of January, 1950, but it was stipulated that after January 25, 1950, all the money that went into the account represented payments for work and services performed by the bankrupt subsequent to the filing of the involuntary petition."

There was also deposited in the bank in January, 1950, the sum of $750 borrowed by the officers operating the business for the purpose of paying operating expenses. It cannot, therefore, be said that the three checks issued to the appellee were paid from funds or sources owned by the bankrupt on November 30, 1949, when the involuntary petition in bankruptcy was filed. It is possible that some small amount of the deposits made prior to November 30, 1949, was used in paying the first of the three checks dated December 7, 1949, but no part of such funds was included in the payment of the other two checks. Counsel for the trustee conceded "that substantially all of the moneys deposited in the Permachrome account after January 1, originated after November 30, 1949", and the record shows that the gross revenue of the U. S. Plating Company in the month of December, 1949, was $6,606.72, for January, 1950, $6,494.12, and for February, 1950, $3,770.01. The referee and the court held that "there must be a difference between transferring the bankrupt's property after the filing of the petition and a transfer of property acquired by the bankrupt after the filing of the petition."

In this situation the referee held that he does not have summary jurisdiction to dispose of the issues presented. The

only question for determination here, therefore, is whether he erred in so holding. In arriving at this conclusion we think the referee properly applied § 70, sub. d of the Bankruptcy Act of 1938, known as the Chandler Act, 11 U.S.C.A. § 110, sub. d, which provides:

"(d) After bankruptcy and either before adjudication or before a receiver takes possession of the property of the bankrupt, whichever first occurs—

"(1) A transfer of any of the property of the bankrupt, other than real estate, made to a person acting in good faith shall be valid against the trustee if made for a present fair equivalent value or, if not made for a present fair equivalent value, then to the extent of the present consideration actually paid therefor, for which amount the transferee shall have a lien upon the property so transferred; * * *."

The evidence here sustains the finding of the referee and the court that the appellee acted "in good faith" and that the transfer to it of the payments in question was for a valuable consideration.

Under the circumstances of this case the bankruptcy court did not have summary jurisdiction of the claim of the trustee against appellee. This court recently passed upon this question in Bradley v. St. Louis Terminal Warehouse Co., 8 Cir., 189 F.2d 818, 824, where in an opinion written by Judge Riddick it was said:

"A substantial adverse claim exists when the claimant 'discloses a contested matter of right, involving some fair doubt and reasonable room for controversy * * * in matters either of fact or law'. Harrison v. Chamberlin, 271 U.S. 191, 195, 46 S.Ct. 467, 469, 70 L.Ed. 897. In re Kansas City Journal-Post Co., 8 Cir., 144 F.2d 812, 813. * * * The test of the bankruptcy court's jurisdiction in summary proceedings is possession, actual or constructive, not title, of the bankrupt at the time of the filing of the petition in bankruptcy." Citing Milens v. Bostian, 8 Cir., 139 F.2d 282,

284; Duda v. Sterling Mfg. Co., 8 Cir., 178 F.2d 428, 433, 14 A.L.R.2d 899; Kelso v. Maclaren, 8 Cir., 122 F.2d 867, 869. And see Maggio v. Zeitz, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476. The bankrupt did not have possession of these funds at the time of the filing of the petition. They were acquired thereafter.

Applying these established rules of law to the facts of this case, the referee and the court did not err in holding that the bankruptcy court was without summary jurisdiction to require the appellee to turn over to the trustee the funds sought to be recovered.

Affirmed.