Henry KOHN, as Trustee in Bankruptcy,
Petitioner-Appellee,

v.

Allen Murray MYERS and Teleprompter
Corporation, Respondents-Appellants.

No. 115, Docket 25229.

United States Court of Appeals
Second Circuit.

Argued Jan. 14, 1959.

Decided May 7, 1959.

**354**

Allen Murray Myers, New York City (Henry & Myers, New York City, on the brief), for respondents-appellants.

J. Nathan Helfat, New York City (Bernard A. Helfat and Helfat & Helfat, New York City, on the brief), for petitioner-appellee.

Before MEDINA, LUMBARD and BURGER *, Circuit Judges.

LUMBARD, Circuit Judge.

Allen M. Myers and Teleprompter Corporation appeal from Judge Dimock's affirmance of an order of the referee in bankruptcy directing that they turn over to the trustee accounts receivable having a total face value aggregating $16,987.-57, transferred to Myers by the bankrupt for $16,817.49, after the filing of an involuntary petition in bankruptcy. The two principal questions for decision are: (1) whether the appellants can resist the turn-over on the ground that they acted in good faith in purchasing the accounts with knowledge that a petition had been filed, despite 11 U.S.C.A. § 110, sub. d(3) which provides that "A person having actual knowledge of such pending bankruptcy shall be deemed not to act in good

* Sitting by designation pursuant to 28 U.S.C.A. § 291(a).

faith," and (2) whether the bankruptcy referee had summary jurisdiction. We agree with Judge Dimock's conclusions and affirm his order.

Our consideration of these questions must start with a statement of the events surrounding the bankruptcy proceeding and the purchase of the accounts.

On September 5, 1956 three creditors with claims aggregating $10,000 filed an involuntary petition against Autocue Sales & Distributing Corp. alleging as acts of bankruptcy certain fraudulent transfers, concealments and preferences. Autocue was in the business of providing cueing and prompting devices for TV shows and motion picture productions. Teleprompter was its principal competitor. Teleprompter retained Myers, an attorney, to follow this proceeding and all steps in it. Thereafter an amended petition and a second and final amended petition were filed on October 10 and November 29, 1956. The transfers here at issue were all made thereafter on November 30, December 3 and 7, 1956. The adjudication was entered on December 10. Myers paid $16,817.94 to the bankrupt for accounts receivable having a total face value of $16,987.57, of which the appellants have collected only $7,190.50. The money which appellants paid for the accounts appears to have been used immediately to discharge obligations of the bankrupt for federal taxes and wages.

■ The power of the bankruptcy court to pass summarily on the trustee's claim is clear. The bankruptcy court has summary power over property in the actual or constructive possession of the bankrupt at the time the petition is filed. Board of Trade of City of Chicago v. Johnson, 1924, 264 U.S. 1, 44 S.Ct. 232, 68 L.Ed. 533; Taubel-Scott-Kitzmiller Co. v. Fox, 1924, 264 U.S. 426, 432–433, 44 S.Ct. 396, 68 L.Ed. 770; Bank of California National Association v. McBride, 9 Cir., 1943, 132 F.2d 769; MacLachlan, Bankruptcy (1956), pp. 206, 346; cf. Solomon v. Allied Building Credits, Inc., 8 Cir., 1954, 209 F.2d 828. Since the bankrupt was the legal owner of the choses-in-action up to the time of the filing of the petition, the bankrupt had sufficient "possession" of the choses-in-action to support the district court's summary jurisdiction. In re Worrall, 2 Cir., 1935, 79 F.2d 88, 90; In re Borok, 2 Cir., 1931, 50 F.2d 75.

■ Appellants concede that the general rule is that actual or constructive possession of property by the bankrupt at the time the petition is filed will support the exercise of summary jurisdiction but they maintain that an exception exists for post-bankruptcy transactions protected by § 110, sub. d, citing 4 Collier, Bankruptcy, Paragraph 70.68, p. 1337 (14 Ed.1942) and MacLachlan, Bankruptcy, § 194, p. 206 (1956). We reject this contention. Bank of California National Association v. McBride, supra at page 772, of 132 F.2d. No reason is offered for such an exception either by appellants or by their cited sources.

■ As pointed out by Judge Dimock, the cases cited by Collier either do not support the asserted contention or as based on an outmoded concept as to the time the trustee's title becomes effective. Collier cites In re Zotti, 2 Cir., 1911, 186 F. 84, certiorari denied 223 U.S. 718, 32 S.Ct. 522, 56 L.Ed. 628; In re Laplume Condensed Milk Co., D.C.M.D.Pa.1906, 145 F. 1013; In re Retail Stores Delivery Corp., D.C.S.D.N.Y.1935, 11 F.Supp. 658; In re Ferrell, D.C.S.D.Fla.1932, 2 F.Supp. 348. None of these cases adequately support the cited proposition. Both the Zotti and Laplume cases rested on the now discarded view that the trustee was not vested with title until adjudication and that the court therefore lacks summary power over transfers prior to adjudication. However, it is now firmly established that the trustee's title and possession relate back to the date of petition. Bankruptcy Act, 11 U.S.C.A. § 110, sub. a; Everett v. Judson, 1913, 228 U.S. 474, 478–479, 33 S.Ct. 568, 57 L.Ed. 927; In re Worrall, supra at page 90, of 79 F.2d.

Moreover, MacLachlan's comment on the subject has been misconstrued by appellants as is indicated by MacLach-

lan's subsequent analysis which is clearly contrary to appellants' interpretation. MacLachlan, Bankruptcy, supra, § 293, p. 346 (1956). Furthermore, other commentators on the subject have been markedly silent on the existence of such an exception. See Remington, Bankruptcy, §§ 1381–1411, and Chapter XXXVI (Rev.Ed.1957); Ross, Federal Jurisdiction in Suits by Trustees in Bankruptcy, 20 Iowa L.Rev. 565, 583–92 (1935); Note, 39 Ill.L.Rev. 174 (1944).

■ The principal contention of the appellants centers around the question of whether after a petition in bankruptcy has been filed any one who knows this can validly purchase any property of the bankrupt for a fair and adequate consideration. Judge Dimock held that on the facts of this case § 110, sub. d rendered the transfer invalid as against the trustee because of the categorical provision that a person having actual knowledge of the pending bankruptcy "shall be deemed not to act in good faith."

Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110, provides in effect that after the bankruptcy petition has been filed the only transfers which are valid against the trustee are those where the persons involved do not know of the filing of the petition, except where it can be shown that there was reasonable cause to believe that the petition is not well founded. This much seems clear from 11 U.S.C.A. § 110, sub. d(3) when read in conjunction with subparagraphs (1) and (5), here set forth:

"(d) After bankruptcy and either before adjudication or before a receiver takes possession of the property of the bankrupt, whichever first occurs—

"(1) A transfer of any of the property of the bankrupt, other than real estate, made to a person acting in good faith shall be valid against the trustee if made for a present fair equivalent value or, if not made for a present fair equivalent value, then to the extent of the present consideration actually paid therefor, for which amount the transferee

shall have a lien upon the property so transferred;

\* \* \* \* \* \*

"(3) A person having actual knowledge of such pending bankruptcy shall be deemed not to act in good faith unless he has reasonable cause to believe that the petition in bankruptcy is not well founded;

\* \* \* \* \* \*

"(5) A person asserting the validity of a transfer under this subdivision shall have the burden of proof. Except as otherwise provided in this subdivision and in subdivision 9 of section 21 of this Act, no transfer by or in behalf of the bankrupt after the date of bankruptcy shall be valid against the trustee."

■ Where, as here, the transferee knows of the pending bankruptcy, the transfer is not valid against the trustee, regardless of the consideration paid. The appellants argue that they come within the exception of subdivision (3) of § 110, sub. d because they had "reasonable cause to believe that the petition in bankruptcy is not well founded."

■ The appellants rest their claim that the petition was not well founded entirely on the fact that after a motion was made to dismiss the original petition, filed September 5, 1956, "the attorneys for the petitioning creditors impliedly conceded that the petition was not well founded, by stipulating to serve an amended petition," and that a second motion addressed to the amended petition was granted upon consent and stipulation to file a second amended petition. It is then stated that the appellants had no knowledge of the filing of the second amended petition or whether it cured the "defects" in the two prior petitions. It seems strange that the knowledge of appellants stopped short of the second amended petition, but, be that as it may, it is clear to us that nothing can turn on the fact that a pleading was amended. We are not advised in what respects the first two petitions may have been lacking, nor does it seem to us material. The proceeding was continuously under way

from first to last and that being so any action taken after the first petition was filed was at the risk of the transferees. Once they knew, as they admit they did, that a petition had been filed, they will not be heard to argue that any amendments thereto raised any doubt about the petition being well founded.

The statute places a very heavy burden on those who deal with the bankrupt during this period. It will not avail a transferee to argue that the estate was not depleted, that there has been no fraud and that the estate has been benefited. The appellants here assumed the burden of dealing with the bankrupt and all the attendant risks.

Appellants' argument that the word "deemed" in § 110, sub. d(3) creates only a rebuttable presumption and that such a presumption may be overcome by a showing that the assets were acquired for fair consideration is without merit. The word "deemed" gives rise to a conclusive presumption or substantive rule of law that the acquisition of assets from a bankrupt after a petition in bankruptcy is filed is not in good faith if the transferee knew the petition was pending and did not have reasonable cause to believe that it was not well founded.

The policy of the statute is to place a rigid and absolute ban on all transfers and even as to the exceptions specifically mentioned in § 110, sub. d(1) the transferee has the burden of proof. The period between the filing of the petition and adjudication is a sensitive and important period. Any contrary policy would render it very difficult, if not impossible, for the trustee to liquidate or dispose of the bankrupt's property most advantageously. Of course, where it is necessary to preserve the estate or prevent loss, the district court, upon petition, may appoint a receiver who would have power to dispose of assets during the period before the appointment of the trustee. Section 2, sub. a(3), Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(3). Here no such application was made.

If, as appellants contend, "good faith" is met by giving fair equivalent value, then the provision of § 110, sub. d(3) would be completely nullified as it would make no difference whether or not the transferee knew of the pending petition. Much might happen during the petition-to-adjudication period which would hamper the administration of the estate in the best interests of all the creditors if a chosen few could buy what they wanted for "present fair equivalent value."

Thus we conclude that the trustee is entitled to recover the property. While this is not conditioned upon the return to the appellants of what they paid for the accounts, the appellants would seem entitled to file a claim under § 103, sub. b "to the extent of the value of such property." But we merely point this out and we do not here decide the extent of appellants' remedies.

Accordingly we affirm the order of the district court which affirmed the referee's order requiring the appellants to account to the trustee for the monies which came into their possession by virtue of the assignments to them of the accounts receivable, and that they reassign all said accounts not collected in full.

Affirmed.