**Claude L. RICE, Trustee, Estate of Willie D. Mimms, Appellant,**

v.

**Willie D. MIMMS, Appellee.**

**In the Matter of Willie D. MIMMS, Debtor.**

**No. 6606.**

United States Court of Appeals Tenth Circuit.

June 6, 1961.

**824**

Claude L. Rice, Kansas City, Kan., for appellant.

Thomas C. Lysaught, Kansas City, Kan., for appellee.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

The appellant was appointed by the District Court for the District of Kansas as trustee to effect the administration of a court-approved agreement between the debtor-appellee and his creditors entered pursuant to an arrangement under Chapter XIII of the Bankruptcy Act, 11 U.S. C.A. § 1001 et seq. Appellant now complains of an order of the District Court honoring the debtor's voluntary petition seeking a general adjudication in bankruptcy which was filed while the debtor was within the shelter of the Chapter XIII proceedings and not previously in default. The question of whether such relief is available to a debtor who has invoked the benefits of Chapter XIII does not seem to have been previously the subject of appellate consideration. No claim of fraud is involved.

■ With reference to an arrangement entered in a Chapter XIII proceeding, Section 657[1] of the Bankruptcy Act provides:

"Upon confirmation of a plan, the plan and its provisions shall be binding upon the debtor and upon all creditors of the debtor whether or not they are affected by the plan or have accepted it or have filed their claims, and whether or not their claims have been scheduled or allowed or are allowable."

Since this particular section has not been the subject of examination in the reported cases, the referee and the District Court relied on an opinion from the same court involving the same trustee, In re Hershel Hollinshed, No. 931-B-4 in Bankruptcy, unreported. Therein the court examined this section with reference to former Section 74(i), which likewise specifically provided for the binding effect of an extension proposal upon confirmation. Appellant contends that the analogy is not pertinent since the enactment of Chapter XIII provisions to capture the future earnings of a distressed wage earner was an innovation in the bankruptcy law. But the historical considerations of the difficulties of administration of bankruptcy where the only "property" to be submitted to creditor's demands is the wage earner's ability and willingness to produce earnings from which his debts may be paid are inherent in the provisions of the Bankruptcy Act. A wage earner may only be adjudged a bankrupt with his consent; he is not subject to involuntary proceeding.[2]

■ Thus, it has been held that a debtor proceeding could not and did not take away from the debtor the right to invoke voluntary bankruptcy proceedings, because

"* * * an arrangement entered into binding a debtor's future earnings, beyond the time of his willingness to have them applied, is contrary to the spirit and the letter of the bankruptcy law. Such an arrangement does not promote, it defeats, the purposes for which section 74 and the other bankruptcy statutes were enacted." McKeever

---

1. 11 U.S.C.A. § 1057.

2. Section 4, sub. b, 11 U.S.C.A. § 22, sub. b.

v. Local Finance Co., 5 Cir., 80 F.2d 449, 452.

See also In re Edwards, D.C.S.D.Cal., 73 F.Supp. 310. Such an interpretation does not render the words of Section 657 without meaning, for it is clear that the intention of the statute was to render the confirmed agreement immune from collateral attack or the retraction of money or property submitted to the settlement. Cf. the analysis of a similar provision of Chapter XI proceedings, 8 Collier on Bankruptcy, 14th Ed. § 9.25, p. 1220.

The appellant further asserts that when a debtor elects to submit a plan to his creditors under Chapter XIII of the Bankruptcy Act, relief from the obligations of the plan is not available except as the court may order under Section 646(5) [3] or the discharge provisions of Sections 660 [4] and 661.[5]

Section 668 [6] of the Bankruptcy Act states:

"Except as provided in Section 666 [11 U.S.C.A. § 1066] of this title and elsewhere in this chapter, a debtor shall not be adjudged a bankrupt either in a proceeding under this chapter or in any proceeding instituted under this title, during the pendency of a proceeding under this chapter."

Since the debtor has not yet defaulted in the provisions of the arrangement, appellant asserts that the remedy of an adjudication in bankruptcy under Section 666 is not available to him. As relevant here, Section 666 provides for certain failures of a plan prior to confirmation "or if after confirmation a debtor defaults in any of the terms of the plan, or if the plan terminates by reason of the happening of a condition specified in the plan, the court shall * * * (2) where the petition has been filed under section 1022 of this title, enter an order dismissing the proceeding under this chapter or, with the consent of the debtor, adjudging him a bankrupt and directing that bankruptcy be proceeded with pursuant to the provisions of this title."

The debtor here scheduled the early debts of the plan and a new obligation in the amount of $1,261.88 and stated under oath that he was unable to meet his debts as they mature. Thus the question becomes whether the court is empowered to consider the debtor's unwillingness to continue with the plan, together with the difficulties of his situation, as a default or imminent default sufficient to permit an adjudication in bankruptcy.

It is apparent that the significance of Section 668 is in essence the

3. 11 U.S.C.A. § 1046. A plan under this chapter—

" * * * (5) shall provide that the court may from time to time during the period of extension increase or reduce the amount of any of the installment payments provided by the plan, or extend or shorten the time for any such payments, where it shall be made to appear, after hearing upon such notice as the court may designate, that the circumstances of the debtor so warrant or require; * * *."

4. 11 U.S.C.A. § 1060. "Upon compliance by the debtor with the provisions of the plan and upon completion of all payments to be made thereunder, the court shall enter an order discharging the debtor from all his debts and liabilities provided for by the plan, but excluding such debts

as are not dischargeable under section 35 of this title held by creditors who have not accepted the plan."

5. 11 U.S.C.A. § 1061. "If at the expiration of three years after the confirmation of a plan the debtor has not completed his payments thereunder, the court may nevertheless, upon the application of the debtor and after hearing upon notice, if satisfied that the failure of the debtor to complete his payments was due to circumstances for which he could not be justly held accountable, enter an order discharging the debtor from all his debts and liabilities provided for by the plan, but excluding such debts as are not dischargeable under section 35 of this title held by creditors who have not accepted the plan."

6. 11 U.S.C.A. § 1068.

protection of the jurisdiction of the court first taking cognizance of the debtor's financial plight under a Chapter XIII plan. It gives the debtor a limited exemption from adjudication [7] to permit him to work out a plan whereby he can avoid bankruptcy. See 9 Collier on Bankruptcy, 14th Ed., § 30.03, p. 716.

Considering the broad powers granted the court [8] in the supervision of a Chapter XIII proceeding, only an overly technical reliance upon the language of the various sections would permit the conclusion that Congress intended to limit the court's power to act with respect to a Chapter XIII plan for a period of three years [9] subsequent to its inception, particularly where it becomes obvious that neither the creditors nor the debtor can succeed in obtaining the relief intended by the plan. Indeed, the language of Section 612, 11 U.S.C.A. § 1012, indicates a contrary construction:

"Where not inconsistent with the provisions of this chapter, the jurisdiction, powers, and duties of the court shall be the same—

"(1) where a petition is filed under section 1021 of this title and a decree of adjudication has not been entered in the pending bankruptcy proceeding, as if a decree of adjudication had been entered in such bankruptcy proceeding at the time the petition under this chapter was filed, or

"(2) where a petition is filed under section 1022 of this title, as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered at the time the petition under this chapter was filed."

 We conclude, therefore, that the powers of the court in a Chapter XIII proceeding extend to the adjudica-

tion of bankruptcy where it becomes apparent that solutions attempted under the usual procedures are destined to failure and that it lies within the discretion of the Bankruptcy Court to grant complete relief. We find no abuse of discretion in the instant case.

The judgment is affirmed.

---

7. A wage earner within § 1(32) is exempt from involuntary bankruptcy under Chapters I to VII, but a person may be a wage earner for purposes of Chapter XIII and not be a wage earner within § 1(32). Cf. 11 U.S.C.A. § 1006(8) with 11 U.S.C.A. § 1(32).

8. See Bankruptcy Act, § 658, 11 U.S.C.A. § 1058; § 613, 11 U.S.C.A. § 1013; § 614, 11 U.S.C.A. § 1014.

9. See 11 U.S.C.A. § 1061, footnote 5, supra.