In the Matter of BARCHAR, INC., t/a Black Coach Inn and Stringer Realty Co., Inc., Debtor.

No. B-354-61.

United States District Court
D. New Jersey.

Aug. 24, 1962.

Max L. Rosenstein, Newark, N. J., for petitioner.

Leo Neiwirth, Newark, N. J., for trustee-respondent.

WORTENDYKE, District Judge.

On May 2, 1961, pursuant to authorization of its Board of Directors, Barchar, Inc., (Barchar or bankrupt) a New Jersey corporation trading as Black Coach Inn, filed its petition for an arrangement under Chapter XI of the Bankruptcy Act. Among those in the list of accounts payable annexed to the petition, Combined Kitchen Equipment Co., Inc. (Combined or conditional vendor) was listed as claimant under certain conditional sales contracts for kitchen equipment in an aggregate amount of $13,365.28. These conditional sales contracts were dated respectively May 20, 1960 and November 1, 1960. Each contract includes a schedule enumerating the items of property conditionally sold. In addition, the same conditional vendor was listed as a creditor to the extent of an account payable as of the date of the petition, amounting to $755.58.

Barchar was adjudicated a bankrupt on October 2, 1961 and its Receiver was thereafter elected its Trustee. The Trustee employed one Mitchell to act as custodian of the personal property in the restaurant premises which Barchar had occupied.

Anthony DeMaio, claiming to hold a valid contract of sale therefor from Combined, dated January 11, 1962, obtained delivery from Mitchell at the premises referred to, of articles of personal property alleged to have been conditionally sold to Barchar. By his Order of April 23, 1962, the Referee directed DeMaio to return to the premises specified articles itemized in the order. DeMaio now petitions this Court to review this order of the Referee.

The Referee's order was entered after the taking of testimony on April 16, 1962, on return of his order to show cause of March 29, 1962. The Trustee in Bankruptcy claims that the personal property removed from the premises formerly occupied by Barchar included items in which the conditional vendor, Com-

bined, had no right, title or interest, and such items are set forth in a schedule annexed to the petition of the Trustee for the order to show cause why DeMaio should not be required to return them to him.

Upon the testimony before him, the Referee found that the Trustee's contentions respecting the personal property were supported by the preponderance of the credible evidence; that DeMaio had obtained no right, title or interest in said items; and that he was not such an adverse claimant thereof as would be entitled to a plenary hearing.

In his Certificate of Review, the Referee points out that the conditional vendor, through its sales manager, one Bayer, "knew that at a hearing in October 1961 its conditional sales contracts and the balances due thereunder had been proved in a reclamation proceeding and that he could secure an order of reclamation whenever he asked his attorney to get it. However, he also knew that the salvage operation of retaking and reselling would cause a loss to the vendor, so he was hoping that the attorney for the trustee would meet with success in his separate endeavor" to obtain a purchaser. The conditional vendor therefore negotiated with DeMaio for sale of the vendor's kitchen equipment "in the event a retaking became his (sic) only recourse"; and "Because the tentative agreement with Mr. DeMaio was conditioned on the failure of the attorney for the trustee to get a satisfactory offer, Mr. Bayer could not finalize all the terms nor sign a definitive contract."

The evidence before the Referee disclosed that Bayer and DeMaio had agreed that Combined's chattels were to be delivered on March 1. However, Mitchell removed them to DeMaio's premises in the middle of January, hoping that subsequent events would justify his action. Meanwhile, the attorney for the Trustee succeeded in obtaining, from Wedgewood Cafeteria, Inc., an offer to purchase all of the chattels in the Trustee's possession. That offer was accepted and approved. The items which the Referee's order directed DeMaio to return to the Trustee are part of the assets referred to in the offer.

The Referee found that the restaurant equipment which Mitchell delivered to DeMaio included only three items which Combined had conditionally sold to Barchar; all of the other removed articles having been the outright property of Barchar or conditionally sold to him by other vendors. The Referee further found that the removal and delivery to DeMaio was not authorized either by the Trustee or by Combined, and that no order of the Referee had been made authorizing or directing such removal or delivery. The two documents upon which DeMaio based his claim are both dated January 11, 1962, but neither is executed by Combined. One of the documents contains no schedule of items of property, while the other purports to cover "contents of Bar-Char, Inc. T/A Black Coach Inn on chattels held by Combined Kitchen Equipment Co., Inc."

■ The Referee had summary power over the articles of personal property owned by, as well as those conditionally sold to, the bankrupt which were in the bankrupt's actual or constructive possession at the time the petition was filed, and the Trustee's title and right to possession related back to that date. Kohn v. Myers, 2 Cir.1959, 266 F.2d 353.

In turning over the personal property at the bankrupt's former premises to DeMaio, Mitchell acted upon an alleged order served on him by Bayer, but he obtained no receipt for any of the items. Evidently Mitchell assumed that all of the items of equipment in the premises belonged to Combined Kitchen Equipment.

■ I find substantial evidence in the testimony taken by the Referee on the return of the order to show cause warranting his findings (1) that included in the items which Mitchell turned over to DeMaio were items set forth in the schedule annexed to the petition for the order to show cause; and (2) that those items were not the property of Combined Kitchen Equipment, but were as-

sets of the bankrupt's estate. There was also ample evidence supporting his findings that Combined did not enter into a contract on January 11, 1962 with De-Maio; that no court order authorized or directed the removal; and that neither the Trustee or Combined authorized such removal. It follows therefore, that De-Maio was not entitled to possession of any of the items which the Referee's order directed him to return to the Trustee.

The Referee's order of April 23, 1962 is therefore in all respects affirmed. Let an order in compliance with this opinion be submitted.