**In the Matter of Robert Charles HENDREN, Debtor.**

**No. 33093.**

United States District Court
S. D. Ohio, W. D.

April 22, 1965.

Wayne F. Wilke, Cincinnati, Ohio, for bankrupt.

JOHN W. PECK, District Judge.

On July 27, 1962, debtor filed a petition for a Wage Earner Plan pursuant to Chapter XIII of the Bankruptcy Act, 11 U.S.C. § 1001 et seq. After the plan was confirmed the debtor made monthly payments to the trustee until missing a number of payments in the months prior to October, 1964. On October 14, 1964, debtor petitioned that he be permitted to convert from Chapter XIII proceedings to straight bankruptcy on the ground that changes in his work schedule prevented him from maintaining the payments required by the plan. This petition was denied by the Referee by an order of November 24, 1964, on the basis that "no sufficient changes" had occurred in the debtor's financial situation to merit the conversion. The case is presently before the Court on a petition to review this order of the Referee.

Chapter XIII was intended as a rehabilitating device by which a debtor could be sheltered from his creditors while applying his future earnings to the payment of his debts. Straight bankruptcy envisages the liquidation of the bankrupt's estate for the payment of his creditors. The Act provides that a wage earner is not subject to involuntary proceedings (11 U.S.C. § 22, sub. b), so a debtor in financial difficulty may only seek

relief under Chapter XIII or in voluntary bankruptcy proceedings.

■ The question presented here is whether a debtor who is in arrears in making payments pursuant to his confirmed Wage Earner Plan has the right, under the provisions of the Act, to convert his plan to straight bankruptcy or whether such conversion lies within the discretion of the Referee.

It is provided in 11 U.S.C. § 1057 that:

"Upon confirmation of a plan, the plan and its provisions shall be binding upon the debtor and upon all creditors of the debtor * * *."

In the only reported decision dealing generally with the problem here presented, Rice v. Mims, 291 F.2d 823 (10th Cir. 1961), it was held that this section only served to render a confirmed agreement immune from collateral attack or retraction of money or property submitted to settlement of claims against the debtor. Thus Section 1057 standing alone would not be a bar to the relief sought here.

11 U.S.C. § 1068 provides:

"Except as provided in [11 U.S.C. 1066] * * * a debtor shall not be adjudged a bankrupt * * * during the pendency of a proceeding under this chapter."

As relevant here, Section 1066 provides for certain failures of a plan " * * * if after confirmation a debtor defaults in any of the terms of the plan * * * the court shall * * * (2) where the petition has been filed under [Chapter XIII], enter an order dismissing the proceeding under this chapter or, with the consent of the debtor, adjudging him a bankrupt and directing that bankruptcy be proceeded with pursuant to the provisions of this title."

In Rice v. Mims, (supra), the Court held at pages 825–826 that Section 1068 did not prevent a debtor from being adjudged a voluntary bankrupt during the

pendency of a Chapter XIII proceeding and *before* default where it appeared that the usual procedures were destined to failure and default appeared inevitable. The granting of relief was held to be within the discretion of the Court.

In the case at bar, however, the debtor has fallen behind on his payments made pursuant to his plan and must be held to be in default. In view of the mandatory language of 11 U.S.C. § 1066 and the rationale of Rice v. Mims, it is here concluded that when a debtor is in default under the provisions of his plan and the Referee does not dismiss it on his own motion, the debtor may convert to straight bankruptcy as a matter of right.[1]

In common with others overwhelmed by financial obligations with which they could no longer cope, there were presented to this debtor the alternatives of placing himself beneath the umbrella coverage of a voluntary bankruptcy proceeding or seeking the more limited shelter of a wage earner plan. This Court has given encouragement in such situations to consideration of the latter alternative, being possessed of the conviction that both the dignity of the individual and the rights of the creditors can benefit thereunder. To deny one who has sought to honorably pay his creditors in full under a Chapter XIII proceeding the right to convert to voluntary bankruptcy when the obligations of a wage earner plan become intolerable would be inconsistent with the intent of the Bankruptcy Act, repugnant to the philosophy of this Court, and would substantially destroy the attraction of such a plan to the foundering but well intentioned wage earner. Accordingly,

It is ordered that the petition for review should be and it hereby is granted and sustained and the cause remanded to the Referee in Bankruptcy for further proceedings consistent herewith.

1. This holding is not intended to include situations where defaults of the debtor may be disregarded without dismissing the proceedings or proceeding in bankruptcy. See e. g., 11 U.S.C. § 1046(5) which gives the court power to reduce or extend payments and 11 U.S.C. § 1061 which empowers the court to grant a discharge after three years even though the terms of the plan are not fully met.