**In re P & Z ISLAND FARMS, INC., Bankrupt.**

**William M. GRUNER, Trustee, Plaintiff,**

**v.**

**ABBOTT & COBB, INC., Defendant.**

**No. 76 B 845.**

United States District Court,
S. D. New York.

Jan. 29, 1979.

Seymour Feinman, Newburgh, N.Y., for defendant Abbott & Cobb, Inc.

William M. Gruner, New Paltz, N.Y., for plaintiff William M. Gruner, Trustee.

## OPINION

IRVING BEN COOPER, District Judge.

This case is here on appeal from a Decision-Order of Bankruptcy Judge R. Lewis Townsend, dated August 10, 1978, entered in *Gruner v. Abbott & Cobb, Inc.*

The trial below, held on June 29, 1978, was an adversary proceeding under Part VII of the Bankruptcy Rules, 11 U.S.C.

Rules of Bankruptcy Procedure 701 *et seq.* Bankruptcy Judge Townsend held for the Plaintiff-Trustee, and the defendant below, Abbott & Cobb, Inc. appealed to this Court on November 14, 1978, in compliance with § 39c of the Bankruptcy Act, 11 U.S.C. § 67(c), and Part VIII of the Bankruptcy Rules.

P & Z Island Farms, Inc. (P & Z), a produce-grower, originally filed a petition in Chapter XI on April 6, 1976; and was adjudicated bankrupt on October 20, 1976. Prior to bankruptcy, P & Z was continued by court order as debtor-in-possession. The transaction giving rise to this cause of action occurred as follows:

Abbott & Cobb, Inc. (Abbott), the defendant-appellant, is a wholesaler of onion-seed, and was a regular supplier of the bankrupt in better days. Prior to the Chapter XI petition, P & Z was indebted to Abbott for the sum of $24,500, apparently for last year's delivery of onion-seed. On March 19, 1976, approximately a month before the Chapter XI petition was filed, Abbott delivered $8,885.00 worth of onion-seed to P & Z. Seven weeks later, on May 27, 1976, Abbott availed itself of the remedy of self-help by making demand for, and regaining possession of, $4,225.00 worth of onion-seed. Abbott credited this amount to P & Z's account in computing and filing its Proof of Claim.[1]

This action was timely commenced by William Gruner, P & Z's Trustee in Bankruptcy (the Trustee), to recover the property or its value transferred to Abbott without the authority of the court or its representative. The court below held that the transfer was improper under § 70 of the Bankruptcy Act, 11 U.S.C. § 110, and ordered the creditor to pay over the value of the property plus interest from the date of the wrongful transfer.

The defendant has appealed alleging: (1) that the Bankruptcy Judge was incorrect in deciding the case under § 70 since it was neither pleaded by the trustee nor responded to at trial by the defendant; (2) that the trustee had failed to meet its burden of proof at trial; and alternatively (3) that if the trustee prevails, interest be assessed from the time of commencement of the action, not from the time of the wrongful transfer; and finally (4) that the property taken should be restored, not its cash value.

### 1. *The Bankruptcy Court Correctly Decided the Controversy on the Grounds Set Forth Below.*

Both plaintiff and defendant addressed, in their trial papers and briefs, the issue whether or not the transfer in question was a preference under § 60 of the Bankruptcy Act, 11 U.S.C. § 96. It is apparent from the clear language of the Act and the uncontested facts presented by both parties, that this transfer could not be a preference. The focus of both parties, both below and on appeal, on this point was misguided.

The parties agreed that the alleged wrongful transfer occurred on May 27, 1976, and that the petition in Chapter XI was filed on April 6, 1976. Section 60 of the Act provides the following:

> § 60a(1). A preference is a transfer . . . of any property of a debtor to . . . a creditor for or on account of an antecedent debt, made . . . by such debtor while insolvent and *within four months before the filing . . . of the petition initiating a proceeding under this Act*, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class. (emphasis supplied)

Section 60 is a technical, complex provision of the Act requiring a high standard of proof of each and every element contained therein in order to establish a preference, which may then be voidable by the bankruptcy court. It is true that the burden of proof falls on the trustee under

---

1. Pursuant to a court order of May 24, 1976, P & Z (then debtor-in-possession) was permitted to enter into a Partnership Agreement with one John J. Jarosz. Although Abbott made delivery to P & Z well before this date, Abbott claims that it relied on this partnership-to-be in making the delivery and that the seed was the property of the partnership, not of the debtor. We adopt the finding of the Bankruptcy Judge that this contention is without merit. Decision-Order, p. 4.

this section. 3 Collier on Bankruptcy (14th edition) ¶ 60.61[1], p. 1116, ¶ 60.62, p. 1123.

■ However, this case does not in any way involve a preference, for the simple fact is that the transfer admittedly occurred *after* the petition had been filed.

While the Trustee's complaint sought relief pursuant to § 60 of the Act, it also sought general relief as follows:

> WHEREFORE, the plaintiff demands judgment against the defendant declaring the return of the merchandise was unauthorized, illegal and contrary to the Bankruptcy Act, and/or was a preference under § 60 of the Bankruptcy Act, and that the plaintiff have judgment against the defendant for the sum of $4,225.00 together with the costs and disbursements of this action.

The court below properly dismissed the § 60 preference claim, but also properly granted relief under §§ 70a and 70d(5), which provide the general grounds for recovery by the trustee of property transferred after the filing of the petition, as occurred in this case. 3 Collier, *supra*, ¶ 60.32, p. 900; 4A Collier, *id.*, ¶ 70.05[7], pp. 75–76.

Appellant complains that the pleadings were defective in failing to give notice of the grounds for relief. Bankruptcy Rule 708 states that: "Rule 8 of the Federal Rules of Civil Procedure . . . applies in adversary proceedings." In F.R.C.P. 8(a) it is stated that:

> A pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

While it is true that the Trustee filed a partially defective complaint by alleging entitlement to relief under § 60, his cause of action will not fall, as pointed out above, under the liberal pleading practices of the Federal Rules of Civil Procedure. The allegations in the complaint were sufficient to put Abbott on notice that this action had been commenced for the purpose of recovering the unauthorized transfer, whether accomplished under § 60 or another provision of the Act. *Royal Petroleum Corp. v. Smith*, 127 F.2d 841, 842 (2d Cir. 1942).

This Court has the ability to remedy defective pleadings in a case such as this. *Zestee Foods, Inc. v. Phillips Food Corp.*, 536 F.2d 334 (10th Cir. 1976) (also a turnover case under § 70). In *Zestee*, the circuit court found that the district court had not erred in applying § 70 to an action to dismiss a garnishee summons served on a company indebted to the bankrupt, even though its relevance had been ignored by the parties. In *Zestee*, as here, the parties contested a preference proceeding under § 60, while the court found jurisdiction to be clearly under § 70 of the Act.

> We are saying that there was not a preferential transfer here. Since the purported transfer occurred *after* the filing of the petition it was abortive. At that time the property in question . . . inured to the trustee. Section 70 of the Act . . . vests the bankruptcy trustee with title to all nonexempt property held by the bankrupt as of the time of the filing of the petition.
>
> (emphasis added) *id.* at p. 336.

Appellant's brief addresses its attack on the sufficiency of the pleadings to the pleading requirements of §§ 60 and 70e. Correctly, appellant alleges that the trustee has failed to make out a cause of action under these sections. However, neither of these sections constituted the basis for the Bankruptcy Judge's findings, nor are they the basis for ours.

2. *The Trustee is Entitled to Recover the Property.*

As the court below pointed out, title to the property passed automatically to the trustee upon the filing of the petition under § 70a of the Act, 11 U.S.C. § 110(a), made applicable to Chapter XI by § 302 and Rules 11–1 and 11–2. 3 Collier, *supra*, ¶ 60.32, p. 900. The relevant provisions of § 70a make this clear:

> The trustee of the estate of a bankrupt . . . shall . . . be vested by operation of law with the title of the bankrupt as of the date of the filing of

the petition initiating a proceeding under this Act, except insofar as it is to property which is held to be exempt, to . . (5) property . . . which prior to the filing of the petition [the bankrupt] could by any means have transferred . . . .

Section 70a(5) is a "catchall" provision vesting title to property of the bankrupt in the trustee, and clearly includes the property in question here. The policy underlying this provision is well stated in *Straton v. New*, 283 U.S. 318, 320–21, 51 S.Ct. 465, 466, 75 L.Ed. 1060 (1931) where Mr. Justice Roberts said:

> The purpose of the Bankruptcy Law . . is to place the property of the bankrupt, wherever found, under the control of the court, for equal distribution among the creditors. The filing of the petition is an assertion of jurisdiction with a view to the determination of the status of the bankrupt and a settlement and distribution of his estate. This jurisdiction is exclusive . . . and is so far *in rem* that the estate is regarded as *in custodia legis* from the filing of the petition.

Accord, *Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).

Section 70a operates to vest title to property in the trustee and implicitly allows him to void unlawful transfers where the property is not exempt. This provision leads us to § 70d to determine whether or not this property was exempt. "Section 70d . . defines the full extent to which bona fide transactions with the bankrupt, after bankruptcy, will be protected." 4B Collier, *supra*, ¶ 70.67[1], p. 742.

Section 70d primarily operates to protect a bona fide purchaser who deals with the bankrupt in return for fair consideration. Bankruptcy Rules Comment 602, 603 (1976 Collier Pamphlet Edition, Bankruptcy Act and Rules, Part 1); *Bank of Marin v. England*, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966). We agree with the court below that only 70d(5) is applicable to this case since P & Z was clearly in possession of the property at the time the petition was filed.

■ Contrary to the assertions of the appellant, § 70d(5) expressly puts the bur-

den of proof on the one who would assert that a transfer is valid. Thus, the court below was correct in placing the burden on the defendant, and holding that he had failed to meet that burden. The Act further provides, also contrary to defendant's contentions, that a party is deemed to be on notice that he was dealing with a debtor after a petition is filed, and that the debtor's property is subject to the control of the court: "Subject to the exceptions thus created [by 70d] . . . the bankruptcy petition is still a *caveat* and persons dealing with the bankrupt thereafter do so at their peril." 4B Collier, *supra*, ¶ 70.67[1], p. 743.

Section 70d(5) provides further that, subject to exceptions not relevant here: *"no transfer by or in behalf of the bankrupt after the date of bankruptcy shall be valid against the trustee."* (emphasis supplied).

■ The fact that the Trustee here erred in asserting certain grounds for his claim does not eliminate the fact that an unauthorized transfer has clearly been shown, and that appellant, by his own admission, has possession of the property. Nor does it relieve appellant of his responsibility to carry his burden under the law to show that the transfer was valid, if he can. Appellant did not do so at trial in the Bankruptcy Court, and has not done so on appeal to this court. *Kohn v. Myers*, 266 F.2d 353 (2d Cir. 1959).

> It is clear that if no such order [authorizing transfer of property by the debtor-in-possession] is obtained—and no such order was obtained in the instant case—the trustee may recover funds paid out or property turned over to a pre-petition creditor. . . . Decision-Order below, p. 4, *citing, inter alia, Wood v. Scott*, 180 F.2d 252 (6th Cir. 1950), *rev'g* 83 F.Supp. 466 (E.D.Tenn.1949).

3. *Interest Was Properly Assessed From the Time of Transfer.*

■ Appellant's third contention is that, assuming the Trustee is entitled to recovery of the property, interest should be assessed from the date of the commencement of the recovery action, not from the date of transfer. However, adding insult to injury, ap-

pellant again cites authority derived from preference actions. To repeat, preference actions involve a specialized type of procedure for recovery of property; their procedure is not applicable here.

In this case, where a turnover pursuant to the summary jurisdiction of the court is involved, the court is deemed to have possession of and title to the property *as of the date the petition in bankruptcy is filed.* Any wrongful transfer occurring after this date violates the ownership interest of the court. This principle is clearly stated in 3 Collier Bankruptcy Manual (2d edition) § 10.001, p. 288:

> The acquisition of title by the trustee of the non-exempt properties of the bankrupt is by operation of law. The legal transfer of ownership from the bankrupt to the trustee is fully automatic and requires neither the consent nor the cooperation of the bankrupt. The adjudication itself divests the bankrupt of any and all interest in such properties . . . .
>
> This legal transfer places such properties in the trustee's hands just as effectively as if an absolute conveyance or transfer had been made by the bankrupt. Once the trustee is qualified, his title is absolute and the bankrupt loses all ownership interest in non-exempt properties. Unlike a receiver, the trustee is not a mere custodian of the bankrupt's non-exempt properties. The trustee's title thus acquired carries with it his right to possession of the properties involved.

In light of this statement of the law, we affirm the decision of the court below to grant interest from the date of the wrongful transfer, May 27, 1976—the date of the occurrence on which this action is based.

### 4. We Remand on the Issue Whether the Property Itself or Its Value Should be Restored.

The turnover procedure is the method by which the trustee can recover property belonging to the estate, pursuant to the summary jurisdiction of the Bankruptcy Court. The Supreme Court has explained the basis for this remedy in *Maggio v. Zeitz*, 333 U.S. 56, 61–63, 68 S.Ct. 401, 404, 92 L.Ed. 476 (1948):

The courts of bankruptcy are invested "with such jurisdiction in law and in equity as will enable them" to "cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto . . . ." 11 U.S.C. § 11(a)(7). And the function to "collect . . . the property of the estates" is also laid upon the trustee. 11 U.S.C. § 75(a)(1) . . . .

In applying these grants of power, courts of bankruptcy have fashioned the summary turnover procedure as one necessary to accomplish their function of administration.

Appellant argues that, assuming turnover was warranted, the seed itself, rather than its cash value, should be returned. Appellant's position is supported in *Maggio v. Zeitz, id.* at p. 63, 68 S.Ct. at p. 405, where the Court noted that the turnover proceeding is "essentially a proceeding for restitution rather than indemnification . . . the primary condition of relief is possession of existing chattels or their proceeds capable of being surrendered by the person ordered to do so."

The law is clear that where the property can be returned *intact*, it should be returned. Where the property has been dissipated, then its proceeds, where identifiable, are made part of the estate. 3 Collier's Bankruptcy Manual, *supra*, § 15.001, p. 458; *In re Nor-Pak, Inc.*, [1973–1975 Tfr. Binder] CCH Bankr.L.Rep. ¶ 65,026 (D.Conn.1973).

It is also clear that property can be dissipated by a dramatic decline in market value, as well as by subsequent resale or destruction. Appellant has alleged that it has maintained, segregated and clearly identified the actual onion-seed which was wrongfully repossessed. However, the more appropriate question is whether the seed has retained the value it had at the time it was removed from the debtor-in-possession (the figure of $4,225.00 has been agreed on by the parties) or whether it has since substantially declined in value.

Consequently, we remand this issue to the Bankruptcy Court and direct the court to

determine whether or not the property has maintained the value it had at the time of the transfer. If it has, then the property itself is returnable, to be disposed of by the trustee, if it is in fact readily identifiable. If the property has declined in value, then its agreed-upon value at the time of transfer should be restored, with interest from the date of transfer.

## CONCLUSION

We remand this case to the Bankruptcy Court for the purpose of conducting a hearing on the value of the onion-seed in its present state, with the direction that the seed itself be returned if it has maintained the value it had at the time of transfer, and if not, that $4,225.00 plus interest be paid over to the Trustee.

The Bankruptcy Court is affirmed as to all other issues raised on this appeal.

SO ORDERED